(88 South. 698)

No. 24010.

## STATE ex rel. JOHNSON v. JOHNSON et al.

(Nov. 29, 1920. On the Merits, Feb. 28, 1921. Rehearing Denied May 9, 1921.)

*(Syllabus by Editorial Staff.)*

1. Habeas corpus ⬅113(12) — Reasonable latitude left trial court determining matters affecting welfare of children.

On appeal from a judgment in a habeas corpus proceeding to obtain the custody of a child, a reasonable latitude must be left to the trial court, and its views upon the facts are entitled to much weight.

2. Habeas corpus ⬅117(1) — Decrees awarding custody of child not res judicata.

Decisions in habeas corpus proceedings relating to custody of children do not become res judicata, as the law very wisely and humanely leaves open to offending parents the door of repentance and reform.

3. Habeas corpus ⬅99(1) — Father has better legal right to child than grandparents.

As between a father and maternal grandparents, the former has the better legal right to his child.

4. Divorce ⬅326 — Full faith and credit given judgment for divorce from absentee.

A judgment of the state of Tennessee granting a divorce from a wife who was absent from the state at the time, pursuant to the statutes of that state filed in evidence, will be given effect in Louisiana under the Constitution of the United States, especially in view of statutes granting the same or similar relief in Louisiana. Act No. 269 of 1916.

Appeal from Fifteenth Judicial District Court, Parish of Jefferson Davis; Winston Overton, Judge.

Habeas corpus proceeding by the State, on the relation of Frank Johnson, against Aleen J. Johnson and others, to obtain custody of a child. Judgment for plaintiff, and defendants appeal. Affirmed.

Miller & Miller, of Jennings, and Thos. Arthur Edwards, of Lake Charles, for appellants.

Alvin O. King, of Lake Charles, and John J. Robira, of Jennings, for appellee.

MONROE, C. J. The relator, whose name appears in the title, proceeding in the district court by way of habeas corpus, obtained judgment awarding him the care and custody of his minor daughter, Melba Johnson, aged about seven years; and the defendant in the proceeding was allowed an appeal to this court.

The present proceeding is brought by Mr. and Mrs. O. G. Marquart, maternal grand-

parents of the child, who allege that, prior to the judgment thus mentioned, she had been placed in the custody of the sheriff at Jennings, and during such custody was permitted by the judge to visit them and her mother at their home in Lake Arthur (12 miles from Jennings), but that since the rendition of the judgment such visits have been denied her; that she and they are much attached to each other, and the denial works a great hardship on them. They ask that she be allowed to visit them at least once a month, not exceeding two days, at times not interfering with her attendance at school in Jennings, and that she be allowed to spend the coming Christmas week with them, promising to take the best of care of her, and to return her at the expiration of each visit. They attach to their petition the written approval of the trial judge, who states that while he had jurisdiction he granted the desired privilege, and that he would do so now if he felt authorized.

Frank Johnson, original relator, answering a rule served on him herein, states that he has no objection to the granting of the request of the present relators, but that he lives in Nashville, Tenn., and contemplates coming to Louisiana to see his daughter; that he will be able to stay only a day or two at a time, and would like to have the court order the sheriff to permit him to visit her upon such occasions, since the grandparents live near at hand, and can enjoy their privilege at any time.

Both requests seem reasonable, and, we think, should be granted.

It is therefore ordered that Isaac Fontenot, sheriff of the parish of Jefferson Davis, be ordered to allow the minor, Melba Johnson, to visit her grandparents at their home in Lake Arthur for two non-school days in each month, and during Christmas week, 1920, provided that the privilege so accorded to the grandparents shall not be allowed to prevent Frank Johnson, the father of the child, from visiting her when and if he comes to this state for that purpose.

## On the Merits.

DAWKINS, J. Plaintiff invokes the writ of habeas corpus to wrest from the defendants, his former wife and her parents, the custody of his and her young daughter, aged about seven years. He claims to have obtained from his said wife, on the grounds of unfaithfulness, a divorce in the state of Tennessee, and alleges as the basis of this proceeding the moral unfitness and bad influence of the mother over the child.

The defense is a denial of the charges against the mother, and a counter attack upon the character and fitness of the plaintiff.

Pending the trial, the lower court, at the instance of plaintiff, took the child from the custody of defendants, and placed it in the hands of the sheriff, with the right to the parties to see and visit it under certain conditions, and that arrangement was ordered continued by us after lodging the appeal here.

There was judgment for plaintiff, making the writ peremptory, and ordering the child turned over to the plaintiff, with the right to defendants to see and visit her at reasonable times.

Defendants appeal.

## Opinion.

[1, 2] It could serve no useful purpose to the jurisprudence, nor benefit any of the parties to this litigation, to recite at length the facts in the record, or to amplify the processes by which our conclusions thereon have been reached. We therefore content ourselves with saying that, in view of the nature of the case, we have weighed the evidence carefully and earnestly, and arise from the task convinced that the lower court has not erred. Necessarily, a reasonable latitude must be left to the trial court in determin-

ing matters affecting the welfare of children, and its views upon the facts surrounding any given case are entitled to much weight. Happily, however, decisions in such cases do not become res judicata; and the law very wisely and humanely leaves open to offending parents the door of repentance and reform.

[3] As between the father and maternal grandparents, the former has the better legal right to his child.

[4] The record discloses that the plaintiff obtained a divorce from his former wife at their matrimonial domicile in the state of Tennessee, pursuant to the statutes of that state filed in evidence, although she was absent from the state at the time. The court therefore had jurisdiction, and, under the Constitution of the United States, we should give effect to its judgment, especially when we have a statute of our own granting the same or similar relief. Act 269, 1916; Lepenser v. Griffin, 146 La. 584, 83 South. 839; Atherton v. Atherton, 181 U. S. 155, 21 Sup. Ct. 544, 45 L. Ed. 794; Butler v. Washington, 45 La. Ann. 279, 12 South. 356, 19 L. R. A. 814.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of appellants.