171 So. 51

STATE ex rel. CASTILLION v. JEUNESSE.

No. 33667.

Nov. 4, 1936.

Richard B. Otero and Hubert M. Ansley, both of New Orleans, for appellant.

Guy J. D'Antonio and I. B. Peterman, both of New Orleans, for appellee.

HIGGINS, Justice.

This is a habeas corpus proceeding by a mother to recover the custody of her six year old son.

The defendant, in answer to the writ, denies that the mother is in a position to take care of the child because of her indigent circumstances, and that the physical, moral, and mental welfare of the child would be secure and protected in the custody of its mother.

The trial judge was of the opinion that the evidence showed that the mother was not capable of properly caring for the child, because of her lack of means, and dismissed the rule, reserving to her the right to again apply for the custody of

her child when she was able to provide for it. She has appealed.

■ The evidence shows that of the marriage of the relatrix and her husband five children were born. The child in question, who is the youngest, is six years of age. The mother and father permitted him for several years to live with his godfather, who died, and they then consented to the parents of the deceased taking the child to live with them, where he has remained for two years. In the meantime, a dispute arose between the parents of the boy and they separated without legal proceedings being instituted; however, the wife claimed alimony for the support of her children, in the juvenile court, and was apparently awarded $15 per month for the support of the four children in her possession. She secured employment as a housekeeper for her cousin, who was a widower with two children, and they all reside together. In consideration of her services, she receives $4 per week and board and lodging for herself and her four children. This, in addition to the alimony, irregularly paid by the husband, is her sole income. The present suit was filed by relatrix in forma pauperis.

Relatrix and her witnesses testified that the four children were well maintained in a clean and decent home, and that she is also capable of properly caring for the little child in question. Her employer did

not testify that he would be willing to have the little boy live in his home under the same circumstances as the other four children. Even if he were willing to make such an arrangement, it was not shown that his income would enable him to do so.

The father testified that he has been unemployed, and, because of lack of income, he went to live with relatrix' sister; that he would be willing to support all of his children as soon as he is in a position to do so, but that he is presently unable to help them. It was his desire that the child remain with the respondent, who has an income of $125 per month, and only his wife dependent upon him for support.

It is conceded that the child's welfare is protected in every respect in the home of the respondent. The learned trial judge concluded, and the evidence supports his views, that plaintiff is not in a position to properly care for the child, due to her impecuniary circumstances.

■ In cases involving the custody of children, the opinion of the trial judge is entitled to great weight. State ex rel. Peter v. Stanga et ux., 161 La. 978, 109 So. 783; Davis v. Willis et al., 169 La. 13, 124 So. 129; State ex rel. Stockstill v. Spiers et ux., 170 La. 454, 128 So. 275; State ex rel. Perdue v. Carkuff et al., 182 La. 920, 162 So. 729.

For the reasons assigned, the judgment is affirmed.