35 So.2d 22

PIERCE v. PIERCE.

No. 38331.

March 22, 1948.

G. P. Bullis, of Ferriday, for appellant.

Clarke & Preis, of St. Joseph, for appellee.

McCALEB, Justice.

By judgment dated October 28, 1940, appellant obtained a divorce (on the ground of adultery) from her husband and was awarded the custody of their five year old child, Sammy Dill Pierce. However, the judgment reserved to the defendant the right to have possession of the child on Friday evening and night of each week and also to have full custody of him for one month each year during the Summer season.

On March 26, 1946, appellant filed a rule seeking a modification of the order permitting defendant to have custody of the child each Friday night and also prayed that he be ordered to contribute the sum of $50 per month for the child's support and upkeep.

The defendant resisted the rule and, after a hearing thereon, the judge fixed alimony at the sum of $16 per month and ordered that appellant permit defendant to have custody of the child each week from Friday afternoon at 4:00 p. m. until Sunday at 8:00 a. m. during the school year and that he further have custody during the months of July and August of each year. Hence this appeal.

The facts are not seriously disputed and we find them to be as follows:

The judgment of divorce did not require defendant to pay alimony for the support of his child. However, soon afterwards (in January 1941), the judge decided on a rule to show cause that defendant pay $7.50 per month to appellant as alimony for the child.

This alimony was paid until January 1942, when the defendant joined the army and discontinued his payments. Although appellant attempted to have defendant make an army allotment in favor of the child, she was unable to prevail upon him to do so for three years. Finally, in January 1945, defendant made a $30 allotment to the child which was continued by the government for 10 months or through October 1945, at which time defendant was separated from the armed forces. Following his return from the army, the defendant did not contribute anything to the support until he was ordered to pay $16 per month by the trial court under the judgment now on review.

Defendant is presently married to his fourth wife, who operates a beauty parlor in Ferriday, La. He works in a large store called "Pasternak's" receiving a salary of $150 per month from which the sum of $14 is withheld for income taxes. Defendant testified that he lists his wife as a dependent for income tax purposes but that he does not claim that the child is a dependent, nor does he explain why he has failed to pay anything toward the support of his child since he left the army in October of 1945. He also stated that his position required him to work five and a half days per week and that, on Saturdays, he works from 7:30 a. m. to 9:00 p. m. And his present wife testified that she is very fond of the young boy and that her operations at the beauty parlor would not interfere with her taking care of him on Saturdays because, even if she must be away

for a couple of hours or so, she has a maid who is always at the house.

The evidence shows that appellant lives with her parents; that she is employed as secretary of the U. S. Draft Board in Ferriday and that she earns a salary of $153.36 per month. She further stated that the actual expenses to support the child, who is now 12 years old, are $59.27 per month.

In view of the evidence, we believe that the judge erred in holding that it is for the best welfare of the young boy that he be given to his father and stepmother from Friday afternoon until Sunday morning of each week. Indeed, we know of no good reason why appellant, having the legal custody of her child, should be deprived of his companionship during each weekend, when she and he have some leisure hours, and retain him only during the part of the week when he is going to school and must, for his own welfare and future, be required to maintain a regular schedule of work and be subjected to a certain amount of discipline. Then, too, when we consider that the defendant works on Saturday until 9:00 p. m., the practical effect of the order is to place the custody of the child in defendant's wife during the hours he is at work.

The judge, in his written reasons, states that he rendered the order only after he had a "man to man" talk with the boy who, he says, made a tearful plea for some plan whereby he could have the companionship of both parents.

■ The judge fell into error in permitting the desires manifested by the boy to guide his decision in the case—for, as said in State ex rel. Sevier v. Sevier et al., 141 La. 60, 74 So. 630, 632:

" * * * Nor are we to be governed by the preference expressed by the children, who testified in this case. The minds of children—their likes and dislikes—respond readily to the influence of associations and environment."

See also Willis v. Willis, 209 La. 205, 24 So.2d 378.

Obviously, if an impressionable twelve year old boy is with his mother at times, when he must go to school and be disciplined, and with his father and stepmother during his periods of recreation over each weekend, a conflict of emotions and comparisons is bound to develop which ultimately redounds to the detriment of the child.

■ Moreover, the ruling below seems to overlook the fact that appellant is the legal custodian of the child. While Article 157 of the Civil Code, as amended by Act No. 74 of 1924, does not have the effect of depriving the father of the right to give expression to his natural parental affection by seeing and visiting his child (see Jacquet v. Disimone, 175 La. 617, 143 So. 710 and Shipp v. Shipp, 183 La. 1025, 165 So. 189), this does not authorize the judge to give the father exclusive possession of the child for two nights and over one whole day of

each week as such an order is, in legal effect, a grant of part time custody.

Since appellant does not complain with respect to the order which permits defendant to have exclusive custody of the child for July and August of each year, we are only concerned with her contention that the father should not have the child from Friday evening until Sunday morning of each week. As above indicated, we are in accord with the contention and believe that, if the father is permitted to have the child visit him for part of the day on each Sunday at such hours as the judge hereafter finds to be convenient, it will be ample. Elimination of the weekend custody of the father will, we think, serve the best interest of the child as he will be living in one home, wholly under the supervision of the parent to whom his custody had been given, and will not be subjected to the conflict and confusion which is apt to occur if he lives in two abodes.

We are also of the opinion that the judge erred in awarding only $16 per month alimony for the support of the child when the undisputed evidence shows that it costs appellant $59.27 per month to maintain him. It is manifest that the figure of $59.27 to feed, clothe and otherwise properly care for a twelve year old boy is modest in these times to say the least and, were it not for the fact that defendant earns a net monthly salary of only $136, we would not hesitate to award appellant the $50 monthly alimony she prays for. So far as defendant's evidence is concerned, it would appear that a $50 per month award would be justified as he does not testify as to the amount of his monthly living expenses nor does he offer to show why he could not pay it. Indeed, the record shows that defendant and his wife are making their way; they are both working; they are buying a three bedroom house and they can afford to have a maid. But, aside from defendant's ability to pay, we find his overall attitude regarding his child to be most inconsistent. He professes, on the one hand, great love and devotion but, paradoxically, for three years (1942 to 1945) he did not contribute anything toward the child's upkeep and was perfectly content, during that period and since he was separated from the armed forces in October of 1945, to let appellant perform his legal obligation.

If we were to view the case solely from the evidence and without giving full weight to the conclusion of the trial judge, we would grant to appellant the amount she prays for. However, when we consider that the judge is well acquainted with the parties, their lives and the particular conditions and circumstances prevalent in their community, we believe that it will be meet to increase the award from $16 to $30 monthly.

For the foregoing reasons, the judgment appealed from is amended in part and annulled in part, as follows:

The order fixing the alimony payable by Harry L. Pierce for the support of his

child at $16 per month, beginning on July 1, 1946, is amended by increasing the amount thereof to $30 per month. The order granting Harry L. Pierce the custody of Sammy Dill Pierce from Friday afternoon until Sunday morning of each week is annulled and set aside and the case is remanded for further proceedings not inconsistent with the views herein expressed.

The costs of the proceedings here and in the district court are to be paid by Harry L. Pierce.

HAWTHORNE, J., concurs in the decree.