PONDER, Justice.
 

 This is an appeal from a judgment refusing the father the right to visit his child whose custody had been awarded to its mother.
 

 Joseph Roshto and Mary Eleanor Cover-dale were married on May 2, 1941. A child, Julia Ann Roshto, was born to this union on June 25, 1945, while Roshto was away on military duty. Roshto was discharged from the Army on January 10, 1946, and he returned home immediately after his discharge. He and his wife separated a short time thereafter on February 5, 1946. His wife instituted separation proceedings on March 6th, thereafter, on the ground that 'her husband had abandoned her, which resulted in a judgment decreeing a separation from bed and board on April 3rd, thereafter, wherein the community was dissolved and the custody of the child awarded to its mother. Prior thereto, during the month of March, 1946, the parties entered into an agreement settling their community rights, wherein Roshto accepted $500 as an equivalent to his one-half interest in the community. On April 18, 1947, the wife instituted divorce proceedings based on the ground that there had been no reconciliation, which terminated in a judgment of final divorce on May 15, 1947, wherein the custody of the child was awarded to its mother. Shortly after the decree of divorce was handed down, the divorced wife married Roger D. Larsen. On September 9, 1947, Joseph Roshto instituted the present- proceedings seeking a judgment recognizing his right to visit the child at a time and place to be fixed by the court and the right to visit his child in case of its illness. On trial of the application the lower court gave judgment dismissing the application and Roshto has appealed.
 

 There is no dispute between counsel for the opposing sides as to the law governing this case. Both concede that a father has a right to visit his child whose custody has been awarded to its mother and that the exercise of this privilege should not be withheld unless the father has forfeited the privilege by his conduct or the exercise of it would be detrimental to the welfare of the child. A ruling to this effect was handed down in the case of Jacquet v. Disimone, 175 La. 617, 143 So. 710, which
 
 *925
 
 has been approved by this Court on a number of occasions since that date, the most recent being in the case of Johnson v. Johnson, 214 La. 912, 39 So.2d 340.
 

 The sole dispute in this case is whether or not the appellant has by his conduct forfeited his right to visit his child.
 

 At the time the child was born, Roshto was away on military duty. He was away from home in active military service, a large part of which was overseas, from a date prior to the birth of the child until he was discharged on January 10, 1946. It appears from the record that he only saw the child for a period of time of less than one month before the separation took place. Roshto has been attending school at Baton Rouge, Louisiana under the G. I. Bill of Rights since the separation. Allotments were made for the support of the child until January, 1-947. He has rendered no support to the child since that date and none has been demanded of him. No alimony or support were awarded in the judgment of separation or the judgment of the divorce.
 

 Prior to the institution of the present suit the appellant was refused permission to see the child and his attorney had endeavored to obtain such permission without success.
 

 The only testimony pertinent to the issue involved herein is that given by the appellant and appellee. .The appellee’s testimony is to the effect that the appellant never wanted the child and has shown no affection or interest toward it. The appellant’s testimony is -to the contrary. It is urged that the appellant has instituted these proceedings for the purpose of annoying and harassing the appellee. The evidence does not support this contention. The appellant’s reputation is not attacked and there is no proof in the record that it would be detrimental to -the welfare of the child for him to visit it.
 

 A parent possesses certain natural rights with respect to his child whose custody is given to the other parent. One of these is the right to visit the child. This natural right of the parent should not be taken from him unless the evidence conclusively shows tha-t his conduct is of such a nature that he has forfeited the right of access to his child. The evidence in this case does not warrant the conclusion that the father by his conduct has forfeited the right to visit his child.
 

 There was no evidence introduced in this suit with reference to a reasonable time and a proper place for the father to visit his child. The convenience of the parties should be considered in fixing the time and place. However, the father should have the right to visit the child on at least two occasions each month at a congenial place and should be permitted to visit his child in event of its illness.
 

 For the reasons assigned, the judgment is reversed and' set aside; the case is remanded to the lower court to be proceeded with in accordance with the views herein
 
 *927
 
 expressed; all costs to await the final disposition of the cause.
 

 O’NIELL, C. J., does not take part.
 

 HAMITER, J., concurs for the reasons assigned by HAWTHORNE and McCALEB, JJ„