HAWTHORNE, Justice.
 

 By judgment of the Ninth Judicial District Court for the Parish of Rapides, rendered on June 27, 1941, Mrs. Vivian A. Johnson was granted an absolute divorce from her husband, Richard M. Johnson, under the two-year separation law, and was awarded custody and control of their minor twin sons, issue of the marriage, and Mr. Johnson, the husband, was granted the right to have his children visit him in the home of his mother, where he resided, from 2:00 to 4:40 p. m. on July 15, 1941, and at the same hours on every second Tuesday thereafter. (By agreement of the parties, the -visiting day was later changed to every second Saturday.)
 

 The present proceedings were instituted by Richard M. Johnson, who seeks to have amended and modified, that portion of the judgment which granted to him the right to have his children visit him at the time, place, and hours specified.
 

 Petitioner, appellant in this court, in his petition filed in the lower court alleges that he and his mother, sisters, and brothers love his children; that, due to the strained relationship which exists between him and his divorced wife, neither he nor any member of his family is a welcome guest in the home of his wife’s parents (where the children and their mother reside), and that no natural relationship can exist between
 
 *915
 
 him and his children under such conditions; that, on the occasions when he takes the boys to visit in his mother’s home, they are happy, contented, and well cared for; that it is to the best interest of the children that they be given an opportunity to become better acquainted with, and to love, their relatives on their father’s side; that on the date the original judgment was rendered these children were approximately two and one-half years of age, but that they were at the time these proceedings were instituted approximately seven and one-ha'lf years old.
 

 After making these allegations, he prays that the judgment heretofore mentioned be amended and modified so as to grant him the privilege of having his children visit him for a resonable length of time during school vacation at his home in Glenmora, Louisiana, and that he further be granted the privilege of having his children with him more frequently and for longer periods of time than as provided in the original judgment.
 

 Respondent, Mrs. Vivian Johnson, after alleging that the major financial responsibility for the support, maintenance, and education of the children is borne by her, and after setting forth that the judgment which petitioner seeks to have modified or amended permits him to see his children under reasonable regulations, alleges that under this judgment giving her the care and custody of these children it is necessary that she have their constant care and supervision if she is to direct their welfare properly and maintain their physical well-being, and that the rearing of these children requires daily and constant care and supervision, and that for these reasons she is adverse to any change in the original decree which would interfere with her rights as a mother and legal custodian performing the trust vested in her. She relies on the rule established by our jurisprudence that the Louisiana law does not countenance a divided custody of children; that the welfare of children requires a custody and control under an undivided authority, and that such authority is necessary to the welfare of children.
 

 After trial on the merits the lower court denied to petitioner the relief prayed for by refusing to amend or modify its previous judgment, and dismissed his suit. From this judgment he has appealed to this court.
 

 After the separation but prior to the judgment of divorce, plaintiff herein, Richard M. Johnson, attempted unsuccessfully to obtain custody of the children by habeas corpus proceedings instituted against his wife and her parents. He was, however, given the right to visit his children at all reasonable times and places. On appeal this court stated that the trial judge was of the opinion that the welfare of the children, who were then only 23 months of age, required them to be left in the care and custody of their mother, and found that there was nothing in the record which would warrant a reversal of the judgment
 
 *917
 
 of the court below. See State ex rel. Johnson v. Ashmore et al., 197 La. 971, 2 So. 2d 897.
 

 Subsequent to our opinion and decree in that case, a judgment of divorce was rendered between Mr. and Mrs. Johnson, and Mrs. Johnson was awarded the care and custody of the twin boys, two and one-half years old at that time. That judgment permitted the husband to have these children visit him as above set out, and this is the judgment which he prays that we amend or modify.
 

 The facts and circumstances surrounding the custody, control, and rearing of these children at the time this case was tried in the lower court are almost identical with those set out in the cited case. It is true that these children are now of school age and are attending a school where their mother is employed as a teacher, and that they accompany her to school daily, all residing now, as then, in the home of the maternal grandparents. There is no doubt that the father and his relatives have a great deal of love and affection for these children, as do their mother and her parents. There is no question about the reputation or character of either the plaintiff or the defendant, and their respective families are respected in the communities in which they reside. Defendant’s parents are engaged in farming approximately five miles from Glenmora, and plaintiff and his family operate a grocery business and a cotton gin in that town. Plaintiff testified that he is contributing $25 a month to the care and support of these children, or $12.50 to each.
 

 In this state the law is well settled that, when the parents of children are separated or divorced, and the care and custody of the children, issue of their marriage, are vested in one of the parents, the other possesses certain natural rights with respect to the children. One of these is the right of access to his children, and the exercise of this right under such reasonable restrictions as the circumstances warrant
 
 iwithin the discretion of the court
 
 should not be withheld unless the parent has -forfeited the privilege by his conduct or unless the exercise of the privilege would injuriously affect the welfare of the children. Jacquet v. Disimone, 175 La. 617, 143 So. 710; Shipp v. Shipp, 183 La. 1025, 165 So. 189. See also Cormier v. Cormier, 193 La. 158, 190 So. 365; Pierce v. Pierce, 213 La. 475, 35 So.2d 22.
 

 In permitting the parent who has not obtained the care and custody of a child access to his child or in permitting the child to visit such parent at various times and places pursuant to the rule of law set forth, we must not lose sight of the rule that the welfare of a child, which is the paramount consideration in a case of this nature, requires a custody and control under an undivided authority,-and the rule of law with reference to visitation-should never in any case be extended to
 
 *919
 
 the point where it becomes divided custody or a division of such authority.
 

 This court in Newson v. Newson, 176 La. 694, 146 So. 472; stated: “At the outset, it may be said that the custody of the child should be given to one of the spouses, and not alternatively to each, for it is not conducive to the welfare of a child to place it in the custody of one parent for awhile, and then in the custody of the other parent, and so to continue during the minority of the child; for such divided authority and the differences in views as to the proper way to rear a child, which are likely to result, may be expected to be deleterious to the child’s welfare.” See also Cormier v. Cormier, and Pierce v. Pierce, both cited supra.
 

 With these rules in mind, we may safely conclude that under the jurisprudence of this state, where a parent has not forfeited his right of visitation by his conduct and where the exercise of this privilege would not injuriously affect the welfare of the child, a parent against whom an adverse judgment has been rendered, granting unto the other spouse the care and custody of the child, has a right of access to the child, the right to have the child visit him. The exercise of these rights is under such reasonable restrictions as the circumstances, in any given case may warrant, always within the discretion of the court, provided that the right to have the child make such visits be not of such a nature or for such a period of time as to have the effect of awarding to such parent part-time custody and thereby subjecting the child to a divided authority. All of these rights, of course, are always subject to the sound discretion of the lower court under the facts and circumstances of any given case; for the law is well settled that a reasonable latitude must be left to the trial judge in determining matters affecting the welfare of children, and that a judgment based upon the facts disclosed in any given case is entitled to great weight. State ex rel. Johnson v. Johnson et al., 149 La. 89, 88 So. 698; Davis v. Willis et al., 169 La. 13, 124 So. 129; State ex rel. Castillion v. Jeunesse, 185 La. 845, 171 So. 51; State ex rel. Guinn v. Watson, 210 La. 265, 26 So.2d 740.
 

 Appellant herein has advanced no valid reasons to show that the trial judge has abused his discretion, and we shall therefore not disturb the ruling of ' the court below.
 

 In the instant case, there is no doubt whatsoever that plaintiff should be given the right to visit his children at the home of their maternal grandparents at reasonable times and under reasonable circumstances ; and, under proper showing that this privilege is denied him by his wife or her parents, and in the absence of any showing by her that he has forfeited this right by his conduct or that the welfare of the children would be adversely affected thereby, the wife and her parents may be
 
 *921
 
 coerced to permit such visits under orders of court.
 

 Further, in the instant case, due to the fact that these twin boys are now no longer infants but are approximately 10 years of age, and due to the love and affection which their father and the members of his immediate family seem to have for these boys, it may be to their best interest and welfare in the future to permit them to visit their father in the home of their paternal grandmother during the school term on Saturdays more often than twice each month and for a longer period than two and one-half hours on the days of such visits, and, further, to visit their father from time to time during vacations. However, in the final analysis, the question of ■whether it is to the best interest of the children to allow such visitation where the parties cannot agree between themselves is in the sound discretion of the trial judge.
 

 A judgment concerning the custody of children and the right of visitation is always subject to amendment or modification in the discretion of the court, but, since both of the parents in this case assert, and we believe have, parental love, the interests of the children should be their primary concern, and they should mutually agree on the question of visitation of these' children with the father at such times and places as may be convenient 'to each without the necessity of forcing one or the other to apply to the court for modification and amendment of its judgment. However, if they cannot agree, either party has the the right to seek such modification and amendment of the judgment as under the facts and circumstances the best interest of the children may justify.
 

 For the reasons assigned, the judgment appealed from is affirmed, plaintiff-appellant to pay all costs.
 

 PONDER, J., dissents..
 

 O’NIELL, C. J., does not take part.