158 So.2d 620 (1963)
Bessie Audrey Posey HOLLEY, Plaintiff & Appellee,
v.
Due Wayne HOLLEY, Defendant & Appellant.
No. 967.
Court of Appeal of Louisiana, Third Circuit.
December 3, 1963.
Gerard F. Thomas, Jr., Natchitoches, for defendant-appellant.
Gahagan & Gahagan, by Russell E. Gahagan, Natchitoches, for plaintiff-appellee.
Before TATE, FRUGE and CULPEPPER, JJ.
CULPEPPER, Judge.
The defendant father appeals from the lower court's refusal to amend its previous child custody order so as to allow him visitation rights at specified times and places. The substantial issues are (1) whether the visitation times requested, i. e., one week end per month from Friday afternoon *621 until Sunday evening and two weeks during the summer, would be objectionable as divided custody and (2) should the father be allowed to take the children to his present home, despite the objections of the mother?
The facts show that plaintiff and defendant were married in November of 1941 and divorced in March of 1957. The divorce decree awarded the mother custody of the two girls, Audrey Ann Holley and Waynetta Jean Holley, whose ages are now 16 and 13 years respectively, reserving to the father the right "* * * to see and visit said children at reasonable times and intervals."
Mr. Holley contracted a second marriage of which a son was born. Also in Mr. Holley's present home are three children of his present wife's first marriage. Mrs. Holley has not remarried. She works as a secretary in a high school and lives with her two girls.
Following the separation and divorce, Mr. Holley voluntarily contributed at least $120 per month for the support of the two girls until the early part of 1963 when he changed from a dry cleaning and laundry business to a position as agent for a life insurance company. Due to financial difficulties while changing businesses, he was late in making these support payments on several occasions. Consequently, on May 31, 1963 Mrs. Holley filed a petition to have the court enter a judgment ordering defendant to pay $120 per month for the support of the said two minor children (the original divorce decree did not contain an alimony decree). Defendant answered and agreed to have such an alimony judgment entered, but asked the trial court, at the same time, to fix his visitations rights so as to allow him to have the two girls visit in his home at least one week end per month, from Friday afternoon until Sunday evening, and during two weeks of their school vacation in the summer.
The record also shows that since the divorce Mr. Holley has been allowed to see and visit the two girls but he has been forbidden by Mrs. Holley to take them to his present home or to allow them to even associate with his present wife and their children. As a result, Mr. Holley has had to visit the girls in plaintiff's home (an unsatisfactory arrangement due to the ill feeling between plaintiff and defendant) or take them out to a cafe or other public place.
The evidence shows nothing whatsoever about Mr. Holley or his present home or the members of his present household, which would in any way adversely affect the welfare of the two girls on occasional visits there. On the contrary, the evidence shows that Mr. Holley is a respected and sober business man in the city of Natchitoches; that he lives in a four bedroom, three bath home on 2½ acres of land in an excellent residential section and that he loves the two girls and wants to be able to have them visit in his home.
The only reason given by plaintiff for her refusal to let Mr. Holley have the children visit in his home was her own personal ill-feeling for Mr. Holley and his present wife. She also suggested that the children themselves may not want to go there, but the children did not so testify.
At the conclusion of the trial, the district judge dictated his opinion into the record, stating that, while he understood the personal feelings of plaintiff about the second wife, he highly recommended the children be allowed to visit in Mr. Holley's present home. However, the trial judge thought it should be left to plaintiff and defendant and the two girls to determine reasonable times and circumstances for visitation, without a court order.
There is no dispute as to the law. Our jurisprudence is well established that when the parents of children are divorced and custody is vested in one of the parents, the other has the right to see and visit the children at reasonable times and places, unless the exercise of this right would injuriously affect the welfare of the children *622 or unless the parent has forfeited this right. See Johnson v. Johnson, 214 La. 912, 39 So.2d 340 and the cases cited therein.
The jurisprudence is likewise well settled that divided custody is injurious to the welfare of children. The custody of the child should be given to one of the spouses and not alternatively to each. Johnson v. Johnson, 214 La. 912, 39 So.2d 340; Pierce v. Pierce, 213 La. 475, 35 So.2d 22; Cormier v. Cormier, 193 La. 158, 190 So. 365.
The first issue is whether it would constitute divided custody if these two teenage girls visited in the home of Mr. Holley one week end per month and two weeks during their summer vacation. The reason for the objection to divided custody is that if a child is shifted from home to home and from parent to parent for anything near equal periods of time, the child will become confused as to where authority lies and as to the different ways of living in the respective homes. The child will have no real home, nor the stability of permanent environment and associations. Johnson v. Johnson, supra, and the cases cited there; 17A Am.Jur. 18, Verbo Divorce and Separation Section 23.
A brief review of some of the Louisiana cases shows: In Pierce v. Pierce, 213 La. 475, 35 So.2d 22, the court held that it was objectionable as divided custody to grant the father visitation rights with his 12 year old son every week end from Friday afternoon until Sunday morning. In Willis v. Willis, 209 La. 205, 24 So.2d 378, it was likewise held objectionable to allow the father visitation rights for a day and night each week end. In Roshto v. Roshto, 214 La. 922, 39 So.2d 344, involving visitation rights for a 5 year old girl, the court remanded the case for further evidence with reference to a reasonable time and a proper place for the father to visit his child, with the following statement: "However, the father should have the right to visit the child on at least two occasions each month at a congenial place and should be permitted to visit his child in the event of its illness." In Johnson v. Johnson, 214 La. 912, 39 So.2d 340, involving visitation rights for 10 year old twin boys, the court allowed the father to have his children visit him in the home of his mother from 2 o'clock to 4:40 p. m. on every second Tuesday.
Of course, each case depends on its own facts, but we do not think that the visitation rights requested by Mr. Holley would amount to divided custody under the circumstances presented. In the short space of one week end per month, and two weeks during the summer, these two teenage girls should not become so confused as to divided authority, or differences in views on the proper way to rear a child, that it would affect their welfare. The rights requested by Mr. Holley are nothing more than visitation and do not in any way affect the fact that the plaintiff is still the custodian and natural tutrix of the children.
In determining what are reasonable times and places for visitation, the circumstances of each individual case must be considered. However, some of the usual considerations are the age, health, sex and best interests of the child, as well as the convenience of the parents. See 27B C.J.S. pages 450-455. Verbo Divorce § 309(2). In the present case, the girls are 13 and 16 years of age, respectively. No justifiable reason has even been suggested to show that it would be detrimental to their health or best interest to spend one week end per month and two weeks during the summer with their father. The girls love their father, and he loves them, and he has a right to gratify his parental affection for them. There is no problem raised as far as the convenience of the parents is concerned.
We agree with the trial judge that Mr. Holley should be allowed to have the two girls visit in his home. However, we think the trial judge should have gone one step further and should have held that since the plaintiff had denied to Mr. Holley the right to see and visit his children at reasonable *623 times and places, (as provided for in the original divorce decree) it now becomes necessary that the court enforce Mr. Holley's right of reasonable access to his children by establishing specified times for the visits and by removing the arbitrary and unreasonable restriction made by plaintiff that Mr. Holley cannot take the children to his home.
In refusing to order the visitation rights requested by Mr. Holley the trial judge stated "* * * I would leave it to the children to determine whether or not they wanted to go to the home of the father for an afternoon's visit or things of that sort * * *" We cannot agree with this holding. While the desires of the child may be a factor to consider, along with all the other circumstances of the case, we do not think that such desires should be determinative as to custody or visitation rights. In the case of Pierce v. Pierce, supra, our Supreme Court quoted from State ex rel. Sevier v. Sevier, 141 La. 60, 74 So. 630 as follows:
"Nor are we to be governed by the preference expressed by the children, who testified in this case. The minds of childrentheir likes and dislikesrespond readily to the influence of associations and environment."
In the present case, the children did not testify. Their mother expressed the belief they did not desire to go to the home of their father. Of course, the father is of the opinion the girls would like to visit in his home. However, regardless of the feelings of the girls about the matter, we do not think their desires should alone prevent the father from exercising his rights to reasonable visitation.
There being no evidence from which we can determine which week end each month, or which two weeks each summer, will best suit the convenience of the children and the parents, we have concluded that this case should be remanded to the lower court for the limited purpose of allowing the trial court to receive any necessary evidence on this point and to fix the exact times for the visitations requested.
For the reasons assigned, the judgment appealed is affirmed insofar as it awards alimony in the sum of $120 per month. That portion of the judgment appealed which rejects defendant's request for visitation rights, is reversed and set aside and this case is remanded to the lower court for further proceedings in accordance with the views expressed herein. All costs in the lower court are assessed against the defendant. Costs of this appeal are assessed against the plaintiff, Bessie Audrey Holley.
Affirmed in part, reversed in part and remanded.