184 So.2d 33 (1966)
Jean TARTER, wife of John B. VINET
v.
John B. VINET.
No. 2073.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1966.
*34 Henican, James & Cleveland, Emile J. Dreuil, Jr., New Orleans, for plaintiff-appellant.
Hartman C. Daniel, Metairie, for defendant-appellee.
Before REGAN, SAMUEL and BARNETTE, JJ.
SAMUEL, Judge.
The parties to this suit were divorced in these proceedings on January 30, 1961. The divorce judgment awarded the mother the care, custody and control of the two minor children of the marriage, Sharon lone, presently 14 years of age, and Melissa Grace, presently 9 years of age. The judgment also ordered the defendant-husband to pay alimony at the rate of $30 per week for support of the children and gave him the right to have the children visit him at reasonable times. During November of 1961 the alimony was reduced to $100 per month in *35 accordance with an agreement between the litigants.
Shortly after the divorce plaintiff remarried and she will be referred to hereafter in this opinion as Mrs. Harris. Mr. Vinet also contracted a second marriage approximately two years after the divorce. Over a period of approximately four years the children regularly visited with Mr. Vinet and lived at his home over every other weekend, commencing Friday evening and ending Sunday evening. During the month of January, 1965, Mrs. Harris refused to allow the children to go to their father's home and Mr. Vinet brought a rule against her to have his visitation rights fixed by the court. Mrs. Harris then filed a rule to increase the child support award to $175 per month, to make executory certain past due and unpaid child support payments and to fix visitation rights.
After a trial of the two consolidated rules there was judgment setting alimony at the sum of $100 per month, decreeing that Mr. Vinet owed past due alimony in the amount of $300 and ordering him to pay that amount at the rate of an additional $15 per month, authorizing Mrs. Harris to claim the older daughter, Sharon, as an exemption on her income tax return and authorizing Mr. Vinet to claim the younger daughter, Melissa, as an exemption on his income tax return, and ordering that Sharon spend each Saturday of each week with Mr. Vinet and that Melissa spend every other weekend with Mr. Vinet. The judgment also included other matters concerning which neither party makes any complaint.
Mrs. Harris has appealed from the district court judgment. In this court she contends the trial court erred: (1) in failing to increase the alimony for child support; (2) in permitting Mr. Vinet to pay the accrued unpaid alimony in installments; (3) in decreeing that each of the parties may claim one of the children as an income tax exemption; and (4) in permitting "divided custody" of Melissa, the younger daughter.
In connection with her prayer for an increase in alimony for the support of the children, Mrs. Harris testified that the amount of money required for that purpose was more than the $175 per month she seeks. Mrs. Harris works as a secretary and has an income therefrom of approximately $4,800 per year. Mr. Vinet has an income of approximately $465 per month. The record contains testimony to the effect that Mr. Vinet's present wife also works and derives therefrom a much smaller income than that of her husband and that Mrs. Harris' present husband earns substantially more than does Mrs. Harris. No one receives any income other than the salary which she or he earns. We are primarily concerned, of course, with the individual incomes of the two litigants; neither the stepmother nor the stepfather have any legal obligation to support the children. Insofar as Mr. Vinet is concerned, his living expenses, which appear to be reasonable or even minimal, are such that they can barely be met even by the combined incomes of himself and his present wife. And insofar as Mrs. Harris' estimate of the cost of supporting the two children is concerned, two of the annual items included in that estimate, $360 for lodging and $103 for utilities for each child, an annual total of $926 for both children, appear to be excessive. No explanation was given as to how the presence of the children in the Harris household added that amount to the cost of operating that household.
Alimony must be granted in proportion to the wants of the person receiving it and the circumstances of the one required to pay; each case dealing with alimony necessarily must be determined by its own peculiar facts. LSA-C.C. Art. 231; Hanagriffe v. Hanagriffe, 122 La. 1012, 48 So. 438; Chaisson v. Domingue, La.App., 175 So.2d 902; Jones v. Floyd, La.App., 154 So. 2d 604. And from our reading of the entire *36 record it does not appear that the trial judge acted arbitrarily or unreasonably in setting alimony for the support of the children at $100 per month. Accordingly, we will not substitute our judgment for that of the trial judge. Cassagne v. Cassagne, 207 La. 1033, 22 So.2d 559; Lawrence v. Lawrence, La.App., 167 So.2d 414.
We are in agreement with appellant's second contention relative to permitting the payment of accrued unpaid alimony in installments. Under LSA-C.C.P. Art. 3945 and the jurisprudence subsequent to the effective date of that article, as well as under the prior pertinent codal articles and jurisprudence, it is and has been our settled law that the right to obtain an executory judgment for past due alimony is a property right belonging to the person from whom the alimony has been withheld and the court must award such a judgment when properly applied for. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226; Williams v. Williams, 211 La. 939, 31 So.2d 170; Elchinger v. Elchinger, La.App., 181 So.2d 297; Allen v. Allen, La.App., 136 So.2d 168. In the instant case Mrs. Harris properly applied for an executory judgment, the trial court found the alimony was $300 in arrears, and she was entitled to an executory judgment in that amount. Upon a sufficient showing, made at a proper time, Mr. Vinet is entitled to a credit for any amount he may have paid on this indebtedness.
We are also in agreement with appellant's third contention relative to the trial court committing error in decreeing that each of the litigants may claim one of the children as a tax exemption. The exemption in question involved federal income taxes. Both parties had claimed the children as dependents on their federal returns and several hearings had been held by the federal taxing authorities for the purpose of determining which party was entitled to claim the exemptions. The trial judge appears to have been of the opinion, and we agree, that the cause of the disagreement between the parties was almost solely, if not entirely, the dispute as to which party had the right to the tax exemptions and he attempted to eliminate this cause of dissension by a ruling which ordinarily would appear to be fair. No complaint relative to the arrangement whereby the children visited and lived with their father every other weekend was made by either litigant over the four year period during which the parties acted under that arrangement, nor had there been any rules in these proceedings involving custody, alimony or visitation rights from the time of the divorce until the occurrence of the dispute relative to claiming tax exemptions.
However, we are of the opinion that the court was without authority to pass on the question. No such issue was raised by either rule, the matter is one for determination by the proper taxing authority on the basis of what appears to be simply a question of fact, i. e., which party provided more than one-half of the total support (26 U.S.C.A. § 152 [a]), and in any event the state district court had no jurisdiction over the federal taxing authority.
We do not agree with appellant's final contention, that under our jurisprudence the trial judge was without authority to order that the younger daughter, Melissa, spend every other weekend with her father. Appellant argues that this portion of the judgment constitutes a part-time custody of the child prohibited by such cases as Johnson v. Johnson, 214 La. 912, 39 So. 2d 340, Pierce v. Pierce, 213 La. 475, 35 So.2d 22, Willis v. Willis, 209 La. 205, 24 So.2d 378 and Cormier v. Cormier, 193 La. 158, 190 So. 365. The prohibition against so-called part-time custody appears to be based primarily on the fact that the welfare of the child requires custody and control under an undivided authority. But again, of course, each case is dependent upon its *37 own facts. What constitutes a prohibited part-time custody in one instance might not constitute such in another; and where one parent has been given the custody of the child or children the exercise by the other parent of his or her right of access to the child or children should be given by the trial court under such reasonable restrictions as the circumstances warrant within the sound discretion of that court. Johnson v. Johnson, supra; Holley v. Holley, La.App., 158 So.2d 620; see Roshto v. Roshto, 214 La. 922, 39 So.2d 344.
In the instant case the trial court was especially concerned about the welfare of both children. We believe he was of the opinion that, under all of the facts and circumstances here present, it was beneficial to the welfare of Melissa that she spend every other weekend with her father. From our reading of the record, and in view of the fact that this arrangement has worked well over a period of four years, we agree that Melissa was benefitted by her regular visits to her father and that the trial judge wisely exercised his discretion.
For the reasons assigned, the judgment appealed from is annulled and set aside only insofar as it: (1) orders John B. Vinet to pay an additional sum of $7.50 on the 1st and 15th of each month until the past due alimony is paid in full; and (2) orders and authorizes Mrs. Harris to claim an income tax exemption for one child, Sharon, and Mr. Vinet to claim a similar exemption for the other child, Melissa. The judgment is amended to order that there be judgment in favor of Mrs. Jean Tarter, wife of Charles R. Harris, and against John B. Vinet in the full sum of $300 with legal interest thereon from date of judicial demand until paid. In all other respects, and as thus amended, the judgment appealed from is affirmed; appellee, John B. Vinet, to pay all costs in this court.
Annulled and set aside in part; amended and affirmed in part.