PRICE, Judge.
This is an appeal from a judgment of the First District Court for Caddo Parish, awarding the father of two minor children specific rights of visitation with his children. This case has a long history in the trial and appellate courts. Prior reported decisions are found in La.App., 174 So.2d 262, 265, 247 La. 1036, 175 So.2d 647, 248 La. 621, 181 So.2d 47, and La.App., 190 So. 2d 916. As a result of these various proceedings James A. Gallagher and Jo Ann Joris Gallagher were divorced on October 19, 1966. At this time Mrs. Gallagher was awarded custody of the two minor daughters of the marriage, Diane Gallagher and Dawn Gallagher, subject to right of reasonable visitation by the father. Subsequently, Mrs. Gallagher was ruled into court to show cause why she should not be held in contempt for failing to comply with the judgment insofar as visitation rights were concerned.
Mrs. Gallagher reconvened in the contempt proceeding and asked the court to fix specific times and places for visitation privileges. Mr. Gallagher also requested the court to specify definite times and places for him to visit his children. The district court refused to order specific visiting rights and held Mrs. Gallagher in contempt for non-compliance with the judgment ordering reasonable rights of visitation. On appeal this court reversed the contempt conviction and remanded the case to the district court with instructions to fix specific times and places for Mr. Gallagher to visit the children, La.App., 212 So.2d 233 (2d Cir., 1968). The district court, in compliance with the instructions of this court, and after hearing evidence on the matter, rendered judgment in favor of Mr. Gallagher, granting him the right to visit his two minor children, away from the home of Mrs. Gallagher, during the third week-end of each month between the hours of 6:00 P.M. on Friday and 6:00 P.M. on the following Sunday, and for a two-week period commencing at 8:00 A.M. on July 1, 1968, and ending at 8:00 A.M. on July 15, 1968, and for the identical two-week period each year thereafter.
Mrs. Gallagher appealed from this judgment, assigning as error that the district court should have only granted Mr. Gallagher the privilege of visiting the children in her home because of an unwillingness on the part of the children to go with Mr. Gallagher. Mrs. Gallagher has also filed a motion, in this court, to remand the case for the taking of additional evidence, which was not available at the time of the trial in the district court. Attached to the motion to remand are the affidavits of Mrs. Gallagher and Reverend J. I. Funderburk, the family pastor, disclosing the history of the visitation attempts by Mr. Gallagher since the- judgment of the trial court was rendered in May, 1968. These affidavits disclose that Mr. Gallagher only attempted to take the children on one week-end, that of May 17, 1968. On this week-end Reverend Funderburk was present to help encourage the children to go with their father. According to his statement in the affidavit, the children refused to go with their father.
Mrs. Gallagher contends that she should not be compelled to physically force the children to go with their father for these week-end visits and urges that she is fearful of being ruled into court for contempt if she does not use force to compel the children to leave with their father. Mrs. Gallagher further argues that the record in the prior proceedings, which was admitted into evidence in this proceeding, shows that the children had very little acquaintance with their father because of his habitual absence from the family home while he was married to their mother. She takes the position that, for the welfare of the children, the father should only be allowed to *368 visit them more frequently in the home of Mrs. Gallagher until such time as he wins their love and affection and they express a desire to be with him for an entire weekend away from their home.
Mr. Gallagher contends that he should not be forced to visit his children in the antagonistic atmosphere of Mrs. Gallagher’s home. From an examination of the entire record it is evident that there is a tremendous amount of bitterness existing between these parties.
The Supreme Court of this state has pronounced the weight to be given the decision of the trial court in fixing visitation rights of small children in the case of Johnson v. Johnson, 214 La. 912, 39 So.2d 340 (1949), as follows:
“With these rules in mind, we may safely conclude that under the jurisprudence of this state, where a parent has not forfeited his right of visitation by his conduct and where the exercise of this privilege would not injuriously affect the welfare of the child, a parent against whom an adverse judgment has been rendered, granting unto the other spouse the care and custody of the child, has a right of access to the child, the right to have the child visit him. The exercise of these rights is under such reasonable restrictions as the circumstances in any given case may warrant, always within the discretion of the court, provided that the right to have the child make such visits be not of such a nature or for such a period of time as to have the effect of awarding to such parent part-time custody and thereby subjecting the child to a divided authority. All of these rights, of course, are always subject to the sound discretion of the lower court under the facts and circumstances of any given case; for the law is well settled that a reasonable latitude must be left to the trial judge in determining matters affecting the welfare of children, and that a judgment based upon the facts disclosed in any given case is entitled to great weight. State ex rel. Johnson v. Johnson et al., 149 La. 89, 88 So. 698; Davis v. Willis et al., 169 La. 13, 124 So. 129; State ex rel. Castillion v. Jeunesse, 185 La. 845, 171 So. 51; State ex rel. Guinn v. Watson, 210 La. 265, 26 So.2d 740.”
The decision of the trial judge should, therefore, not be disturbed unless it is clearly adverse to the welfare of the children.
We can appreciate the concern expressed by appellant of being subjected to contempt proceedings for failing to physically force the children to accompany their father. However, we do not feel that this concern of appellant is sufficient to justify this court nullifying the discretion exercised by the district judge. This is a matter which should be left to the sound discretion of the trial court to determine whether or not a party has shown the degree of cooperation necessary to effectuate the provisions of the court judgment granting visiting rights.
Although appellant has attempted to show that the provisions of the judgment, awarded by the trial judge, would be detrimental to the health and welfare of the children, we do not find that the evidence supports this contention. Appellant contends that the prospect of having to go with her father makes the younger child physically ill and causes both children to be emotionally upset.
Dr. Peyton Kelly, the family pediatrician, testified at the trial held on December 28, 1967, that he had treated the younger child for hives when she was approximately one year old. Mrs. Gallagher attempted to connect the outbreak of hives on various occasions with the visits of Mr. Gallagher. We do not conclude that the doctor’s testimony positively established that these visits were the cause of the child’s condition, it having been admitted that the condition began when the ■ child was only a few months old.
*369 It is obvious that a poor relationship has developed between these two young girls and their father. However, the evidence reflects that he has remarried and has a suitable home environment in which they could be permitted to visit on the specified week-ends. These children are three and one-half and ten years of age at the present time. They are, therefore, old enough to be away from their mother for these limited periods of time.
Under the facts and circumstances of this case, we can find no manifest abuse of the wide discretion vested in the trial judge, nor do we feel that there is merit in the motion of the appellant to remand the case for the taking of additional evidence.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.