AYRES, Judge.
Visitation privileges of a father with his minor son whose custody was awarded to his mother is the only matter presented on this appeal. Because of cruelty and inhuman treatment, the wife was granted a separation a mensa et thoro and was awarded custody of the child. No reconciliation having taken place between the *638 parties, the wife was subsequently granted a divorce. That judgment, however, was silent as to the custody of the child, but in a later proceeding the mother was awarded custody. The husband’s rights and privileges were recognized but restricted to the hours between 8:00 a. m. and 5 :00 p. m. on the first and third Saturdays of each month.
The father contends that he should have the privilege of the child’s .visits for at least three times instead of twice per month. He accordingly appealed from the judgment.
The minor, John Wesley Bowlin, is now approximately seven years and nine months of age. The mother, employed at a supermarket, works on Saturdays. During her working hours the child’s custody is entrusted to a babysitter or other attendant. The record reflects the mother’s concern that the father has, on an occasion, while in a drunken condition, picked the child up at school. Nevertheless, the mother makes no complaint as to the privileges granted the father in the judgment appealed.
Certain legal principles governing situations such as exist here are well established in the jurisprudence of this State. For instance, where parents are separated or divorced and the care and custody of their children are vested in one parent, the other has natural rights with respect to the children, including the right of access and visitation, which may be exercised under reasonable restrictions as circumstances warrant and within the court’s discretion, unless the parent has forfeited these rights by his conduct, or unless the exercise of the privilege would injuriously affect the children’s welfare. The welfare of a child requires that his custody and control be under undivided authority. The visitation privilege of the parent who has been deprived of custody should never be extended to the point where it becomes a divided custody or results in a division of authority. A reasonable latitude must be left to the trial judge in determining matters affecting the welfare of children, and his determination, based upon facts established by the record, is entitled to great weight. Johnson v. Johnson, 214 La. 912, 39 So.2d 340 (1949).
Appellant herein has advanced no valid reasons to show that the trial court abused its discretion. We find no error in the ruling complained of.
For the reasons assigned, the judgment appealed is affirmed at appellant’s costs.
Affirmed.