230 So.2d 450 (1970)
Clarence J. FRANZ, Jr.
v.
Juanita COOK, wife of Clarence J. FRANZ, Jr.
No. 3712.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1970.
*451 Roos & Roos, Leo S. Roos, New Orleans, for Clarence J. Franz, Jr., plaintiff-appellee.
Meunier, Martin & Meunier, Richard J. Meunier, New Orleans, for Juanita Cook, wife of Clarence J. Franz, Jr., defendant-appellant.
Before SAMUEL, CHASEZ and HALL, JJ.
CHASEZ, Judge.
Clarence J. Franz, Jr., was granted a separation from bed and board from Juanita Cook Franz on January 5, 1968, and was awarded the care, custody and control of the minor children, Jody Franz, Kenneth Franz and Nolan Franz, issue of the marriage, with the right of visitation reserved to the mother, Juanita Cook Franz, on each Sunday from 10:00 A.M. until 4:00 P.M. in the afternoon. Custody was awarded to the father because the court determined that the mother was incapable of managing, maintaining and caring for these children because of her very serious drinking problem. A final divorce was subsequently awarded to the husband on February 20, 1969, awarding him custody of the children.
This matter came before the court on June 25, 1968 on a rule filed by the father of the children, wherein he demanded the wife and mother to show cause why her visitation rights should not be terminated and cancelled in full because her conduct, both in her abusive language and in her treatment of the children had had an extremely deleterious effect on the children; namely, that the children had become unmanageable and hostile which had caused serious problems at the boy's school to the extent that they had been requested not to return to their school in the fall. The court a quo was of the opinion that the best interests of the children would be served by cancelling the visitation rights previously granted to the mother on January 5, 1968. Thus the rule ordering the visitation rights to be cancelled was made absolute in a judgment rendered on June 28, 1968. The day after the above mentioned rule was filed by Clarence Franz, Juanita Cook Franz filed a rule requiring the husband, Clarence, to show cause why he should not be held in contempt for violating the custody order of the court and why an injunction should not issue directing him to refrain from harassing or abusing her either physically, mentally or emotionally.
Both rules were tried at the same hearing and the rule of the mother was dismissed by the lower court in the same judgment of June 28, 1968. From the judgment making the husband's rule absolute and dismissing hers, appellant, Juanita Cook Franz, has taken this appeal.
The question presented to this court is whether the trial court was correct in determining that the visitation rights of the mother should be cancelled completely.
*452 The law is well settled that when the parents of children are divorced and custody is vested in one of the parents, the other parent enjoys certain rights. One of these rights is the right to see and visit the children under such reasonable restrictions as the circumstances warrant within the discretion of the court and that these rights should not be withheld unless the parent has forfeited the right by his conduct or unless the exercise of the right would injuriously affect the welfare of the children. Johnson v. Johnson, 214 La. 912, 39 So.2d 340 (1949), and cases cited therein; Holley v. Holley, La.App., 158 So.2d 620 (3rd Cir. 1963).
These rights are, of course, always subject to the sound discretion of the court under the facts and circumstances of any given case; for the law is well settled that a reasonable latitude must be left to the trial judge in determining matters affecting the welfare of children, and that a judgment based upon the facts disclosed in any given case is entitled to great weight. Johnson v. Johnson, supra; State ex rel. Guinn v. Watson, 210 La. 265, 26 So.2d 740 (1946).
In determining whether the mother in this case has forfeited her right to see the children or if the exercise of this right would injuriously affect the welfare of the children, it is appropriate to examine the testimony elicited at the hearing of these rules. The father, Clarence Franz, testified that Mrs. Franz, because of her drunken state, caused such disturbances at the father's residence on South Rendon Street that the landlady required Mr. Franz to move. He testified that, "these weekends were such a horror for her (the landlady) because she actually loved the children, * * * and with Juanita bringing the police there every week, and her using language in front of the house and everything, she just couldn't take it any more." He further testified that she used vile and abusive language in the presence of the children, mistreated them, and even tried to force the children to call a Negro acquaintance of hers "Aunt". He further testified that children on learning that their mother would come to pick them up on Sunday would become disgruntled and unhappy at the idea of having to see their mother. His testimony was also to the effect that the children's behavioral problem at school was contributed to because of their hostility toward their mother. This testimony was based on the opinion given to Mr. Franz by Dr. Hamm to whom the father had taken the children in his attempt to cope with their behavioral problems at school. Two of the children testified at the hearing and they related that on several occasions they had found a bottle in the mother's purse while she was visiting there on Sunday. They testified that she would be drunk or act drunk when she came, although neither of the children could say that she actually took a drink in their presence. All of these factors weigh heavily in the direction that the mother has abused her right of visitation.
While this court is well aware of the rule that the desires of the children should not be determinative as to custody or visitation rights, it is also the rule of our jurisprudence that the desires of the children may be a factor to consider, along with all the other circumstances of the case. Holley v. Holley, supra; Pierce v. Pierce, 213 La. 475, 35 So.2d 22. The trial judge was reluctant to allow the children to testify in relation to what their wishes were insofar as their mother's visits were concerned. He even advised against allowing it but on the mother's insistence the children were recalled to the stand to tell whether they wanted to continue to have their mother visit them. Jody Franz testified that she did not want the visits of the mother to continue because in her words, "the way she treats us, as she's always cursing, she never stops. Most of the time when we go over there she's drinking." Kenneth testified that if their mother *453 would not drink and would be sober he wouldn't mind seeing her but only under that circumstance.
The problem in this household is not a recent one. The record reflects that even before the legal separation the mother's problem existed; that she would disappear for several months and then return. This had happened for a number of years. She had been committed to Mandeville and Charity Hospital on several occasions in an attempt to help solve her problem but obviously to no avail.
The trial judge who rendered this seemingly harsh decision was no stranger to the matter. The separation from bed and board, the final divorce, the custody considerations had all been heard before him. He had been apprised of the situation as it developed over a period of several years and his decision was certainly not casually reached. In his written reasons the trial judge stated that to continue to force these children to visit their mother would be injurious to their well being; that because of the serious behavioral problems at school they need guidance that cannot be supplied by the mother. We agree with the trial court. The record of this case, taken as a whole, dictates that the interests and welfare of the children would best be served by a discontinuation of the mother's visitation rights at this time. If at some time in the future the mother is better able to control her problem the parties should jointly seek a solution to the present situation whereby the mother could at least visit the children for a short period of time.
For the foregoing reasons the judgment in favor of mover in rule, Clarence J. Franz, Jr., terminating the visitation rights previously granted is hereby affirmed. The judgment dismissing the rule to show cause filed by Juanita Cook Franz is affirmed. Costs to be paid by defendant-appellant, Juanita Cook Franz.
Affirmed.