348 So.2d 1338 (1977)
Joyce Stewart PATE, Plaintiff-Appellant,
v.
William H. PATE, Defendant-Appellee.
No. 6111.
Court of Appeal of Louisiana, Third Circuit.
August 9, 1977.
*1339 Holt, Wagner & Lee by Richard E. Lee, Pineville, for plaintiff-appellant.
Polk, Foote, Randolph, Percy & Ledbetter by William H. Ledbetter, Jr., Alexandria, for defendant-appellee.
Before HOOD, DOMENGEAUX and WATSON, J J.
HOOD, Judge.
William H. Pate seeks a judgment specifying the times when he can visit his minor son. The defendant-in-rule is Mrs. Joyce Stewart Pate, mother of the child. Judgment was rendered by the trial court granting specific visiting privileges to the father. Mrs. Pate appealed.
The issue presented is whether the judgment of the trial court granting visitation privileges to the father constitutes the awarding of divided custody of or a division of authority over the child.
Mr. and Mrs. Pate were married in 1964, and of that union one child was born on November 16, 1966. A judgment was rendered on November 10, 1976, decreeing a divorce between the parties, awarding custody of the child to the mother and granting reasonable visitation privileges to the father.
The instant proceeding was instituted by Mr. Pate on February 22, 1977. Judgment was rendered by the trial court on March 14, 1977, specifying primarily the dates on which Mr. Pate could visit his child during the last nine months of the year 1977. The judgment provided, in substance, that Mr. Pate could visit his child at the following times: (1) For seven days during Easter, 1977; (2) for five days during Christmas, 1977; and (3) on 15 specified weekends during the 39 week period beginning on April 1 and ending on December 31, 1977. Each of the above weekend visits is to be for a period of 48 hours, from 5:00 P.M. on a Friday, until 5:00 P.M. on the following Sunday.
The judgment also decreed that Mr. Pate should have visiting privileges during the Thanksgiving holidays, in 1978, but no times were set for that visit. In his reasons for judgment, the trial judge stated that "Prior to 1978 the court will, upon motion of either side, fix the weekend visitations and the period of time for Thanksgiving visitation, unless the parties on their own agree to the weekend and holiday visitations for the year 1978."
Mrs. Pate contends that the visitation privileges granted by the trial court are excessive, that they are not in the best interests of the child, and that the judgment establishes dual custody of and divided authority over the child.
When the parents of the minor child are separated or divorced and the custody of the child has been awarded to one parent, the other has the right to see and visit with the child at reasonable times, unless that right has been forfeited by the parent who claims it, or unless the exercise of that privilege would injuriously affect the child. The paramount consideration in determining the specific visitation privileges which should be granted in any case is the welfare of the child. Generally, the best interest of the child is served by placing him in the custody of one parent and not alternatively in the custody of each. The award of visitation privileges, therefore, should not be extended to the point where it becomes divided custody of or a division of authority over the child. Much discretion is vested in the trial court in determining the times when and the conditions under which a parent may have access to his child, and the decision of the trial judge as to the visitation privileges will not be disturbed unless there has been an abuse of discretion. Johnson v. Johnson, 214 La. 912, 39 So.2d 340 (1949); Newson v. Newson, *1340 176 La. 694, 146 So. 472 (1933); Vinet v. Vinet, 184 So.2d 33 (La.App. 4 Cir. 1966); Bowlin v. Bowlin, 222 So.2d 637 (La.App. 2 Cir. 1969); Spencer v. Spencer, 273 So.2d 605 (La.App. 4 Cir. 1973); Holley v. Holley, 158 So.2d 620 (La.App. 3 Cir. 1963); Ogden v. Ogden, 220 So.2d 241 (La.App. 1 Cir. 1969).
With the above rules in mind, we have concluded that the judgment rendered by the trial court in the instant suit, granting specific visitation privileges to Mr. Pate, does not constitute the awarding of divided custody of or the establishing of a division of authority over the child. The evidence convinces us that the visits authorized by that judgment will not adversely affect the welfare of the child. We hold, therefore, that the trial judge was within the bounds of his discretion in his award of visitation rights. See Vinet v. Vinet, supra; Doherty v. Mertens, 326 So.2d 405 (La.App. 3 Cir. 1976); Brown v. Brown, 245 So.2d 501 (La. App. 3 Cir. 1971); Sims v. Sims, 340 So.2d 397 (La.App. 2 Cir. 1976).
We distinguish all of the cases cited and relied on by appellant, Mrs. Pate. In Cormier v. Cormier, 193 La. 158, 190 So. 365 (1939), for instance, the trial court rendered judgment granting the wife a separation, awarding her the custody of the children and giving the father substantial visitation privileges. The husband appealed primarily on the ground that the trial judge erred in granting the separation to his wife instead of to him on his reconventional demand. The Supreme Court affirmed, adopting the reasons assigned by the trial court. We are unable to determine from the judgment of the reviewing court whether the visitation rights were an issue on appeal. In Ogden v. Ogden, supra, the court of appeal reduced the father's right to visit his children from two weekends to one weekend per month, primarily because of the 150 mile trip required for each visit and because the burden of frequent packing and travel had become an ordeal for the children. In Bowlin v. Bowlin, supra, the reviewing court found no abuse of discretion on the part of the trial judge in allowing the father to have his children every other Saturday. And, in Holley v. Holley, supra, we reversed that part of the trial court's judgment which rejected the father's request for visitation rights, and held instead that he was entitled to all of the visitation privileges which he sought.
Our conclusion is that there is no error or abuse of discretion in the judgment appealed from, and that the judgment should be affirmed.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to appellant, Mrs. Pate.
AFFIRMED.