303 So.2d 520 (1974)
Riley C. LEMOINE
v.
Barbara Ellen Nugent LEMOINE.
No. 10003.
Court of Appeal of Louisiana, First Circuit.
November 12, 1974.
*521 Barbara Ellen Nugent Lemoine, in pro per.
Joseph A. Gladney, Baton Rouge, for appellee.
Before SARTAIN, ELLIS and de la HOUSSAYE, JJ.
ELLIS, Judge.
This appeal is taken by plaintiff, Riley C. Lemoine, from various judgments in favor of his former wife, Barbara Ellen Nugent Lemoine. Mrs. Lemoine was awarded custody of their two minor daughters, and Mr. Lemoine awarded reasonable visitation rights by judgment dated October 21, 1971. On November 18, 1971, a preliminary injunction issued, restraining Mrs. Lemoine from annoying or harassing Mr. Lemoine.
On February 11, 1972, a judgment of separation from bed and board was rendered in favor of Mrs. Lemoine, which judgment was silent as to custody, visitation and all other matters incident to the separation. On August 28, 1972, a petition for change of custody was filed by Mr. Lemoine, which was heard and rejected on December 12, 1972. The judgment denying the change of custody was not signed until June 19, 1973. On the same day, Mr. Lemoine filed a motion for a new trial of the custody rule.
Mr. Lemoine filed a petition for a final divorce on April 17, 1973. On June 19, 1973, he was granted the divorce, and a judgment signed to that effect. The same judgment purported to continue in effect all judgments previously rendered on interlocutory matters and reserved the rights of both parties to future hearings on all questions raised but not finally decided.
On June 20, 1973, Mr. Lemoine filed a contempt rule against Mrs. Lemoine for violating the court's orders relative to his visitation rights and the injunction prohibiting harassment of him by Mrs. Lemoine.
On August 10, 1973, Mr. Lemoine filed a contempt rule against Mrs. Lemoine for violating the injunction against harassment, by attempting to hire someone to have him killed.
*522 On August 14, 1973, Mr. Lemoine amended his motion for a new trial on the custody rule, alleging that the children were not doing well in school, and setting forth the newly discovered evidence of the alleged attempt by Mrs. Lemoine to have him killed as additional grounds for granting a new trial.
A hearing on all of the foregoing matters was held on November 29 and December 6, 1973, and the case taken under advisement. On March 13, 1974, judgment was signed which:
1. Denied the new trial on the custody rule;
2. Found Mrs. Lemoine in contempt of court for attempting to hire someone to kill Mr. Lemoine, but which administered no penalty; and
3. Recalled the contempt rule filed against Mrs. Lemoine for refusing to permit exercise of Mr. Lemoine's rights of visitation.
The court, apparently on its own motion, because of the refusal of the older daughter to visit with her father, denied her child support and reduced the child support judgment against Mr. Lemoine from $150.00 to $75.00 per month.
From that judgment, only Mr. Lemoine has appealed, alleging that the court erred in denying the change of custody, denying the new trial, failing to find Mrs. Lemoine in contempt for refusing him visitation rights, and failing to punish Mrs. Lemoine after finding her in contempt of court.
The evidence on the motion to change custody was adduced on December 12, 1972. A psychiatrist testified that Mrs. Lemoine suffered from a paranoid personality disorder of moderate severity, and that she was in need of psychiatric treatment. He examined Mrs. Lemoine on July 24, 1972. He did not testify that she was an unfit mother, but did state that her behavior might have an adverse effect on the children. He did not state that the children would be any better off with their father. Other witnesses testified about Mrs. Lemoine's behavior when Mr. Lemoine went to pick up the children, and when Mrs. Lemoine would go to Mr. Lemoine's store. The evidence also showed that, at the time of the trial, Mrs. Lemoine was undergoing private psychiatric therapy. There was no testimony to indicate that the children were not well housed, clothed, fed, or physically cared for.
The motion for a new trial was heard by a judge other than the judge who tried the rule. The evidence adduced showed that Mrs. Lemoine in August, 1973, told police officers that, in the summer of 1972, she had paid someone $4,500.00 to have Mr. Lemoine killed. Mr. Lemoine based his petition for a new trial on this newly discovered evidence.
Article 1972 of the Code of Civil Procedure states:
"A new trial shall be granted, upon contradictory motion of any party, in the following cases:
"1. Where the judgment appears clearly contrary to the law and the evidence;
"2. Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
"3. In jury cases, as provided in Article 1814."
We think that the evidence relative to an attempt to have Mr. Lemoine killed, if true, is important to a proper determination of this cause, and might well have changed the result reached on the original trial. The record does not reflect that Mr. Lemoine could have, with due diligence, discovered this evidence prior to trial. Under those circumstances, we find that the trial judge abused his discretion when he denied the motion for a new trial.
We find that the record affirmatively shows that Mrs. Lemoine has failed in her *523 obligation to exercise her parental authority in support of Mr. Lemoine's visitation rights with his two daughters. Her failure in this respect was excused by the trial judge on the "evidence of Mrs. Lemoine's emotional condition" and the refusal of the elder daughter to visit with her father. It was the testimony of the daughter to this effect that prompted the trial judge, ex proprio motu, to relieve Mr. Lemoine of the burden of supporting her.
In Johnson v. Johnson, 214 La. 912, 39 So.2d 340 (1949), the following appears:
"In this state the law is well settled that, when the parents of children are separated or divorced, and the care and custody of the children, issue of their marriage, are vested in one of the parents, the other possesses certain natural rights with respect to the children. One of these is the right of access to his children, and the exercise of this right under such reasonable restriction as the circumstances warrant within the discretion of the court should not be withheld unless the parent has forfeited the privilege by his conduct or unless the exercise of the privilege would injuriously affect the welfare of the children."
In granting visitation rights, the judge must consider the welfare of the child as paramount. He may consider the desires of the child, but should not let his decision in the case be guided thereby. See Pierce v. Pierce, 213 La. 475, 35 So.2d 22 (1948).
The record reflects no considerations, other than the refusal of the elder daughter to visit her father, which militate against his right to have access to his daughter. Mr. Lemoine, by this appeal, is asking that the courts enforce his right to visitation. We think he is entitled to this relief.
Matters of this nature cannot and should not be handled at an appellate level. We have found that Mr. Lemoine has the right of visitation with both of his minor daughters, and the duty to support both of his minor daughters. We have found that Mrs. Lemoine has the duty to exercise her parental authority to facilitate the exercise of his visitation rights. If she has willfully failed to do so, her inability to control her children is a factor which should be considered by the trial court in making its decision on the rule for a change of custody. If the mother is powerless to exercise her parental authority because of willful disobedience thereof by a child, the court may exert its authority as juvenile court over the child to enforce the visitation rights of the father.
We note from our study of the record that Mrs. Lemoine has been found in contempt of court for harassment of Mr. Lemoine on two occasions prior to the one presented by this appeal, and that on none of these occasions have any penalties been assessed by the court below. It is the power to punish for contempt which enables it to enforce its orders in such cases as these. An adjudication of contempt without the imposition of sanctions is meaningless.
Since Mrs. Lemoine did not appeal from the judgment reducing the child support payments, it has become final.
The judgments appealed from are reversed and set aside, and there will be judgment herein:
1. Reversing and setting aside the judgment of June 19, 1973, denying a change of custody, and ordering a new trial of the rule;
2. Ordering a new trial of the rule against Mrs. Lemoine for contempt for failure to grant visitation rights with the minor daughters born of the marriage; and the trial court is directed to exert its authority to compel such visitation rights, in accordance with its own order and the views herein expressed;
3. Ordering the trial court to impose sanctions as it may deem appropriate for *524 the violation by Mrs. Lemoine of the injunction prohibiting harassment of Mr. Lemoine by her.
All costs of this appeal are to be paid by Mrs. Lemoine. Costs in the court below shall await final determination of the issues presented hereby.
Reversed and remanded.