GLADNEY, Judge.
Morris LaFayette Woodard and his wife, Judy Wiggins Woodard, died intestate on December 9 and 10, 1967, respectively, from injuries received in an automobile accident. They were survived by only one child, Connie Lynne Wood *133 ard, born October 20, 1960. As the result of proceedings initiated on December 20, 1967, Mrs. Idell Wiggins, the maternal grandmother, was appointed legal tutrix for Connie Lynne Woodard, and Mrs. Maggie Woodard was appointed undertutor. Letters of tutorship were issued on December 22, 1967. Thereafter, a motion and rule nisi was filed by Z. D. Woodard and Mrs. Maggie Woodard, the paternal grandparents of the minor, attacking the validity of the appointment of Mrs. Wiggins and praying that the letters of tutorship issued to her be declared null, void and of no effect, and that Z. D. Woodard and Mrs. Maggie Woodard be appointed tutor and undertutrix. Alternatively, the movers ask the removal of Mrs. Wiggins from the tutorship and the appointment of Z. D. Woodard in her place. The rule was tried and resulted in a judgment sustaining an exception of no right or cause of action, filed by the defendant in rule, dismissing the rule. The plaintiffs in rule, Z. D. Woodard and Mrs. Maggie Woodard, have prosecuted this appeal.
Examination of pleadings and documents leading to the appointment of Mrs. Idell Wiggins as tutrix fails to disclose annexation to the petition of an affidavit listing the ascendants of the minor who are alive and reside in the state; nor is there evidence of the publication of the notice of the application, all as prescribed by LSA-C.C.P. Art. 4065. The contention of counsel for plaintiffs in rule is that Z. D. Woodard as the only surviving male ascendant should be given preference in the appointment of legal tutor to the minor as provided by LSA-C.C. Arts. 263 and 264 and LSA-C.C.P. Arts. 4063 and 4067; and that the absence of the affidavit and publication of notice renders invalid the appointment of Mrs. Idell Wiggins.
Answering, counsel for Mrs. Wiggins takes the position that by joining with defendant in a joint petition filed on behalf of all ascendants for the appointment of the defendant as legal tutor, Woodard and his wife have waived the requirements of LSA-C.C.P. Arts. 4063 and 4065 through 4067; that the priority of an appointment in favor of Z. D. Woodard as the minor’s only ascendant was also waived by participation in the joint petition for the appointment of Mrs. Wiggins as tutrix; that in the appointment of a tutor for a ihinor the welfare and best interest of the minor are of paramount importance; and that plaintiffs in rule have not alleged any grounds for removal of the defendant, the only causes for which are set forth in LSA C.C.P. Art. 4234. The trial court in its written reasons for judgment subscribed to the argument advanced on behalf of the defendant in rule.
When the court is confronted with the appointment of a legal tutor, by reasons of the provisions of LSA-C.C. Arts. 263 and 264,[1] preference should be accorded the male ascendant except where disqualified according to the rules provided by law. LSA-C.C.P. Art. 4063.[2] The only grounds for disqualification pertinent herein are set forth in LSA-C.C.P. Art. 4231(6).[3]
Where there are two or more applicants having the same priority the court shall *134 appoint the one best qualified unless the applicant is disqualified under Article 4231.
Our examination of the transcript of evidence herein discloses no substantial grounds for disqualifying Woodard under the provisions of Article 4231. We specially directed our consideration to the application of Subsection (6) of this article and find no basis for concluding he is incapable of performing the duties of the office, or is otherwise unfit for appointment because of his physical or mental condition or bad moral character.
The additional attack upon the appointment of Mrs. Idell Wiggins is directed at her failure to comply with the requirements of LSA-C.C.P. Art. 4065 which reads:
“When a petition for appointment as legal or dative tutor is filed, an affidavit by the applicant listing the ascendants of the minor who are alive and who reside in the state shall be annexed to the petition. A copy of the petition for appointment shall be served on each such ascendant in the manner provided for service of citation.
“Notice of the application shall be published once in the parish where the petition was filed, in the manner provided by law.” [LSA-C.C.P. Art. 4065, p. 18]
The language of this article declares that the affidavit referred to therein shall be annexed to the petition; that a copy of the petition for appointment shall be served; and finally that the notice of the application shall be published. As used in the Code of Civil Procedure the word “shall” is mandatory and the word “may” permissive. Art. 5053. It is our conclusion that the requirements of Article 4065 as therein expressed are mandatory and may not be waived as urged by the defendant in rule.
Accordingly, the judgment appealed from sustaining the exception of no right or cause of action filed by the defendant is annulled and the exception overruled. It is further ordered that the appointment of Mrs. Idell Wiggins as legal tutrix of the minor Connie Lynne Woodard and the letters of tutrixship issued to her be and the same are declared null, void and of no effect. The cause is remanded to the Second Judicial District Court for the Parish of Bienville for further proceedings not inconsistent with the views expressed herein. The costs of these proceedings shall be paid out of the minor’s estate when such funds are available.
Reversed and remanded.

. Art. 263: “When a tutor has not been appointed to the minor by father or mother dying last, or if the tutor thus appointed has not been confirmed or has been excused, then the judge ought to appoint to the tutorship the nearest ascendant in the direct line of the minor.”
Art. 264: “In case there shall be more than one ascendant in the same degree, in the direct line, but of different sexes, the tutorship shall be given to the male.”

. Art. 4063. “The court shall appoint a legal tutor under the circumstances and according to the rules for priority provided by law, apd in the manner provided in Articles 4065 through 4068.”

.Art. 4231. “No person may be appointed tutor who is:
# * * * *
(6) A person who, on contradictory hearing, is proved to be incapable of performing the duties of the office, or to be otherwise unfit for appointment because of his physical or mental condition or bad moral character.”
* # # * *