BOLIN, Judge.
The issue before us is the correctness of a trial court judgment awarding the permanent care and custody of two minor children to their paternal aunt. The natural mother of the children, against whom judgment was rendered, appeals asking for their custody and alternatively claims the lower court erred in failing to accord her the right to visit the children under reasonable circumstances.
Defendant, Eunice Faye Higginbotham, was first married in 1952 when she was fourteen years of age. Four children were born of this marriage, which was terminated by divorce in 1959, and the mother was awarded custody of the children. However, she admitted all the children voluntarily lived with their father most of the time and that one of the girls “ran away” and married when she was fourteen years old.
The same year Eunice Faye divorced her first husband she married John H. Dover, Jr. in Houston, Texas. One child was born of this marriage. Eunice divorced Dover in April, 1962, and married Daniel Huey Robertson on May 22, 1963, in Conroe, Texas. Of this marriage two children, over whom this custody proceeding arose, were born, i.e., Monna on August 27, 1963 and Daniel Huey, Jr. on August 17, 1964. This mar *848 riage was ended by the accidental death of Mr. Robertson on March 5, 1970. However, since January, 1965, Mr. and Mrs. Robertson had been separated. Mr. Robertson came to Louisiana and, in February, 1965, went to Texas and brought Monna and Daniel Huey, Jr. back with him, placing them in the home of his sister, Loyce Robertson, plaintiff in this suit. By a judgment of the District Court of Jackson Parish in September, 1965, he was awarded their temporary care and custody, but they have remained with plaintiff at all times since they were first placed with her. During all of this time Loyce Robertson, with the assistance of her mother, the grandmother of the children, and some financial aid from their father, has cared for them and reared them as if they were her own.
In June, 1966, Eunice Faye and John Dover (her second husband from whom she was divorced) admittedly began living together in open concubinage. Living with them was their young son, John, issue of their earlier marriage. Prior to this last arrangement Dover had been married four times and was the father of several children, none of whom lived with him.
On April 2, 1970, John Dover, Jr. and Eunice Faye were married for the second time. As previously stated, Daniel Huey Robertson was killed on March 5, 1970, and Loyce Robertson filed this custody proceeding against the natural mother on March 16, 1970.
Courts have a grave responsibility in cases involving the custody of small children. There are, however, certain well-established guide lines which must be followed. First, parents have the paramount right to the custody of their children, and particularly as against third persons. Of equal importance is the rule that the parental right of custody must yield where consideration of the best interest and welfare of the child requires it. Courts should not interfere with a parent’s authority over his or her child unless it be shown the parent is unfit or will neglect or expose the child to improper influences. The superior interest of society in seeing that the child is well cared for may, in unusual circumstances, justify the court in depriving the parent of custody. Shilling v. Doyle (La. App. 3 Cir. 1969), 218 So.2d 72, and cases cited therein.
According to the testimony of the witnesses the children have received excellent care while living with Loyce Robertson. Loyce was thirty-four years old at the time of trial and had never been married. She had been continuously employed for seventeen years in the office of the telephone company at Chatham, earning approximately $400 per month. She enjoyed an excellent reputation in the community where she resided. While Loyce was working, her mother, who was fifty-four years old, looked after the children. All of the numerous witnesses, including the local pastor, health nurse, Sunday school and public school teachers and neighbors, who testified as to the care being received by the children, testified they were being brought up in a healthy, happy, stable and religious environment.
The mother attempted to prove she had never abandoned the children and had made diligent efforts to contact them during the five years they were away. She testified she could not telephone Loyce because the latter had an unlisted telephone number. However, the mother admits she was able to telephone Loyce after Mr. Robertson’s death. She also says she sent gifts and several letters to the children at Chatham during their absence, and these letters were not returned.
In cases such as this, courts are hesitant to set forth unpleasant and unfavorable activities of the parent or parents of children since our opinion becomes a permanent record which their children may read, even after they are married and have children of their own. However, in order to deprive a mother of her children there must be solid and substantial grounds and it is *849 our painful duty to state these activities in our opinion.
After a careful review of the record, we are convinced the trial court was correct in awarding custody of the two minor children to their aunt, Loyce Robertson. We think the mother, by her failure to institute any proceedings to gain custody of the children for a period of more than four years, coupled with her other activities during this period, has forfeited her right to their custody. Her actions in failing to make any inquiry as to the location of the children or to do anything for their welfare are not consistent with those of a loving, concerned parent. Her excuse for not seeing or inquiring about the children was not believed by the trial judge and is not supported by the evidence. The mother’s present husband, John Dover, testified he joined his wife in seeking custody of the children and believed he could rear them as his own and provide them with a good home. However, Mr. Dover’s past record does not indicate he would be a good influence on these small children.
The judgment of the lower court made no provision for the right of the mother to visit the children. We think this was erroneous. The children have never had the opportunity to know their mother and they should not be deprived of this right. We are not in a position to set forth with particularity how the visitation privileges should be carried out. We think this should remain within the discretion and under the supervision of the district court.
For the reasons assigned the judgment appealed from is amended and the mother, Eunice Faye Higginbotham Robertson, is granted the right to see and visit her minor children, Monna Robertson and Daniel Huey Robertson, Jr., under reasonable circumstances, times and places. As thus amended, the judgment is affirmed at appellant’s cost.