258 So.2d 125 (1972)
Loyce ROBERTSON, Plaintiff-Appellee,
v.
Eunice Fay Higginbotham ROBERTSON, Defendant-Appellant.
No. 11757.
Court of Appeal of Louisiana, Second Circuit.
February 1, 1972.
*126 Holloway, Baker, Culpepper, Brunson & Cooper, by Donnie Brunson, Jonesboro, for defendant-appellant.
Leon Whitten, Jonesboro, for plaintiff-appellee.
Before BOLIN, PRICE and HEARD, JJ.
HEARD, Judge.
On June 29, 1970 the Second Judicial District Court, Parish of Jackson, rendered judgment granting custody of Monna Lanette Robertson, age 6, and Daniel Huey Robertson, age 5, now deceased, to Loyce Robertson, the children's paternal aunt. The mother of the children, Eunice Faye Higginbotham Robertson, appealed from the judgment to this court. The judgment was affirmed by this court as to custody, 243 So.2d 847, and amended to give the mother visitation privileges to be set forth with particularity by the District Court. A hearing was had in District Court to determine the visitation privileges with particularity, and the court rendered judgment setting the following times of visitation: (1) June 19, 1971 from the hour of 1:00 p. m. until the hour of 5:00 p. m. at the place of residence of the children in Chatham, Louisiana; (2) July 10, 1971 from the hour of 1:00 p. m. until the hour of 6:00 p. m., provided that the mother may take the children riding within the Parish of Jackson and not too great a distance from their home; (3) July 31, 1971 from the hour of 10:00 a. m. until the hour of 5:00 p. m., the mother may have the children with her, in the parishes of Jackson and Ouachita, and (4) beginning in the month of August, 1971 the mother shall have the right to have the children visit with her on the first and third Saturdays of each month from the hour of 9:00 a. m. until the hour of 4:00 p. m. until the further orders of the court. This judgment was rendered on June 28, 1971. On July 7, 1971 the mother moved for a new trial. A hearing on the motion for a new trial was set for July 16, 1971. The mother then petitioned the court for a rule to show cause why Loyce Robertson should not be held in contempt of court because the mother was denied the visitation privileges on July 10, 1971. A hearing on the rule was set for July 16, 1971. At the combined hearing on the rule and the motion, the District Court ruled that as the mother did not visit the children on July 10 she could visit them from 1:00-5:00 p. m. on July 16, 1971. This ruling came after the judge had held a conference in chambers. Counsel for the mother asked the court to rule on the motion for new trial and the rule for contempt of court. The court granted the motion for a new trial "to the extent that the judgment is altered to provide the visitation rights today; otherwise, the judgment is to remain in full force and effect. Other than this, the motion for a new trial or rehearing is overruled, and, as I say, the rule for contempt will be continued at this time if there was any chance of a misinterpretation of the court's judgment." Eunice Fay Higginbotham Robertson perfected a devolutive appeal from the judgment of the District Court.
The specifications of error on appeal are as follows: (1) the trial court erred in that reasonable rights of visitation were not granted to appellant; (2) the court erred in refusing to permit appellant to present her arguments for a new trial, and (3) the court erred in refusing to hold Loyce Robertson in contempt for her inexcusable failure to recognize a lawful order of the court.
*127 The paramount consideration in granting visitation privileges is the welfare of the child. Franz v. Franz, 230 So.2d 450, La.App. (4th Cir. 1970); Bowlin v. Bowlin, 222 So.2d 637, La.App. (2d Cir. 1969). The trial judge has considerable latitude in this area and we feel that he acted reasonably in this case. The mother lives in Houston, Texas and desired to have the children visit her there. This would be upsetting for a young child and the trial judge properly refused to allow this. Monna is in school during week days and attends church on Sunday. The trial judge allowed visitation from 9:00 a. m. to 4:00 p. m. on Saturdays, twice a month. This seems to be adequate.
The motion for new trial was untimely filed and issues surrounding it need not be considered. See LSA-C.C.P. Art. 1974. Even had the motion been timely filed, the mother has no real complaint because the trial judge accepted as true that she was denied visitation privileges and ruled accordingly rendering the judgment to give new visitation privileges.
The trial judge's continuance of the rule for contempt seems to be within his discretion. "The court which renders the order commanding the doing of a certain act by a person or a public body is alone vested with the right to determine, on a rule for contempt for failure to comply with the order, whether or not the order has been complied with, or a sufficient reason given for failure to comply with it." State ex rel. Connerly v. Tangipahoa Parish School Board, 9 So.2d 826, 827, La. App. (1st Cir. 1942). The trial judge was aware that the mother had been denied visitation privileges ordered by the court. For this reason he amended his original judgment by granting a new visitation privilege. He apparently felt that the denial was due largely to a misunderstanding and not from a contumacious refusal to follow an order of the court. A proceeding against a party to show cause why he should not be punished for contempt in refusing to obey the orders of a court is not designed for the benefit of a litigant, though infliction of a punishment may inure to the benefit of the mover in the rule. The object of the proceeding is to vindicate the dignity of the court. State ex rel. Duffy & Behan v. Civil District Court for Parish of Orleans, 112 La. 182, 36 So. 315 (1904). The court below did not feel its dignity had been impeached, and it is not our place to say otherwise.
For the above stated reasons, the judgment below is affirmed at appellant's cost.