BOLIN, Judge.
Petitioner, mother of the minor Monna Robertson, filed a rule nisi on April 21, 1972, alleging she is entitled to be confirmed as natural tutrix and seeking removal of Loyce Robertson as tutrix for Monna Robertson. Following trial of the rule, the district judge rejected petitioner’s demands and she has appealed. For reasons hereinafter expressed, we remand the case to the lower court.
In his written reasons for judgment the trial judge found that the evidence presented was insufficient to warrant removal of the tutrix since she had the permanent care, custody and control of the minor. However, he conditioned her continuance *835 in that capacity on the furnishing of security required by law by October 6, 1972, stating that failure to furnish security would result in her removal as tutrix of this minor without further proceedings.
In compliance with the above, bond was filed by the tutrix on October S, 1972. Judgment was signed February 28, 1973, and orders of appeal were signed the same day.
In an earlier judicial proceeding Loyce Robertson, a paternal aunt, was awarded the custody, care and control of the minors, Monna and her brother Daniel Huey Robertson (now deceased), in preference to the natural mother, Eunice Faye Higginbotham Robertson Dover. See Robertson v. Robertson (La.App. 2d Cir. 1971) 243 So.2d 847, wherein we confirmed the holding of the lower court that the mother was unfit to have the custody of the minors; further, that it would be in the best interest of the children for the aunt, Loyce Robertson, who had had their physical custody and care from 1965 until the death of their father in 1970, to have the legal custody of the minors. By stipulation of counsel the entire record of these custody proceedings was introduced, by reference, in the present suit.
The record now before us establishes that shortly after the aunt had been awarded custody she filed a petition seeking to be appointed tutrix for the minors. The district judge confirmed her appointment as tutrix August 31, 1970 and named the paternal grandmother as under-tutrix.
Miss Robertson received the proceeds of a double indemnity life insurance policy, naming Monna and Daniel as beneficiaries, in the amount of $20,000 for the accidental death of her brother, father of the minors. On February 19, 1971 she sought and obtained authorization from the court to deposit the money in the Jonesboro Federal Savings and Loan Association. Certificates of deposit indicating the amount of this deposit, with earned interest from date of deposit to time of trial, were received in evidence, as were other documents reflecting receipts from social security and expenditures for the children. It is apparent from these exhibits, coupled with the testimony of the tutrix, that she had acted prudently in managing the property of the minors.
The mother, plaintiff in rule, reiterates on appeal her allegations made in the lower court that the aunt, Loyce Robertson, should be removed as tutrix for the following reasons:
1. That the mother was the only surviving parent of the child at the time the appointment was made;
2. No notice was given to the mother concerning the proceedings of a tutrix;
3. That she had a preference and priority over the aunt to be confirmed as the natural tutrix of the children;
4. That there was no affidavit showing that all of the relatives of the minor children, or that any of them other than the paternal aunt made application (or were consulted about) the necessity for the tutorship within ten days from the date the legal tutorship became necessary;
5. No bond was recorded by the paternal aunt, no special mortgage was recorded and no certificate of inventory was attached to the petition, and that the entire proceedings were null and void for the reason that the proper documents were not presented to the Court on August 31, 1970 for the appointment of a tutrix;
6. No final account has been filed by the tutrix.
7. Mismanagement and failure to act as a prudent investor of the funds belonging to the minors;
*836 8. No action lias been taken by the tu-trix, since the death of one of the children, concerning the tutorship proceedings.
As we view it, we must first answer the question whether the failure of Miss Robertson to comply with the requirements of Louisiana Code of Civil Procedure Article 4065 in the proceedings initiated by her for appointment as tutrix renders her appointment invalid. It is clear from the record Miss Robertson failed to attach to her petition an affidavit listing the ascendants of the minors and certificate of publication of the application. In resolving this question we are faced with the mandatory language of Article 4065:
“When a petition for appointment as legal or dative tutor is filed, an affidavit by the applicant listing the ascendants of the minor who are alive and who reside in the state shall be annexed to the petition. A copy of the petition for appointment shall be served on each such ascendant in the manner provided for service of citation.
“Notice of the application shall be published once in the parish where the petition was filed, in the manner provided by law.”
The above article was interpreted by this court in the case of In re Tutorship of Woodard (La.App.2d Cir. 1968) 216 So.2d 132, as requiring that all three steps be performed under the penalty of nullity should one such step be omitted.
While we agree with the district judge that to remove Loyce Robertson as tutrix would border on the “ridiculous”, since present opponent has failed to prove either that she is entitled to the tutorship or that Loyce Robertson is disqualified, nevertheless we believe the statute must be strictly construed and compliance therewith is a prerequisite to a valid confirmation.
Having found Miss Robertson has failed to comply with the mandatory requirements of Code of Civil Procedure Article 4065, we pretermit a discussion of the remaining issues.
For the reasons assigned the judgment confirming Loyce Robertson as tutrix is set aside and this cause is remanded to the Second Judicial District Court, Jackson Parish, Louisiana, for further proceedings in accordance with law and consistent with the views herein expressed.
All costs of the present appeal shall be divided equally between appellant and ap-pellee, the latter to be reimbursed from the funds belonging to the minor.