SARTAIN, Judge.
This is an appeal from an order of the trial court appointing Mrs. Manette S. Fa-vrot, Tutrix, and John W. Greene, Under-tutor, of the estates of William Edward and Virginia Alice Favrot. Mrs. Favrot (appellee) was previously awarded the custody of these children following a divorce from their father, Clifford F. Favrot, Jr., (appellant) on December 14, 1964.
The petition for confirmation was in proper form and asked that a Notary Public of St. Tammany Parish be appointed to make an inventory of the minors’ property. Such an inventory was made and is in the record.
Appellant filed an opposition to the appointment of Mrs. Favrot. He alleged, inter alia, that he is best qualified to manage the financial affairs of these childrens’ estates in that he created said estates by making annual donations and investments for them and is “. . . best suited and *509 qualified by training experience, and knowledge of the investment market to handle the future investment needs of the children”. He further complained that the minors’ estates would be used for their support while he was providing for them through regular child support payments.
The crucial issue presented to us for determination is whether the matter was properly set for hearing and the father given an opportunity to be heard.
There is no transcript. The written reasons of the trial judge states :
“This matter came on for hearing pursuant to previous assignment on petition for confirmation as natural tutrix and the appointment of an undertutor. The petition was filed by Manette Suthon Favrot, the mother of the minors William Edward Favrot and Virginia Alice Favrot, seeking confirmation as natural tutrix and the appointment by this court of an undertutor. An opposition to the appointment of tutrix was filed on behalf of Clifford F. Favrot, Jr., the father of the minor children. The matter came on for hearing in chambers at 9:00 a. m. on August 31, 1973, pursuant to stipulation and agreement of counsel. Present at the hearing were:
Clifford F. Favrot, Jr., and his attorney, Lawrence J. Ernst, and
Richard F. Knight, attorney for Ma-nette S. Favrot.
The court after considering the pleadings, the stipulations of counsel, their argument, the law and the evidence, being of the opinion that by law the mother who has by order of this court the permanent care, custody and control of the minor children born issue of the marriage by and between Manette Suthon Favrot and Clifford F. Favrot, Jr., which marriage was terminated by divorce decree of this Court, is entitled to be confirmed as natural tutrix of the minor children and that no impediment exists to her appointment. At the hearing the Court interrogated counsel for Mr. Favrot concerning his opposition and afforded him the opportunity to be heard. At the conclusion of the hearing when the court indicated its ruling on the matter, counsel for Mr. Favrot stated a desire to place additional testimony in the record as he indicated that his client, Mr. Clifford F. Favrot, Jr., desired to make a sworn statement to the court in connection with his opposition. The court indicated its willingness to further hear Mr. Favrot. However, since the matter had been set by stipulation of the parties on the representation to the court that the matter would not take an undue amount of time, the court indicated to counsel that the testimony and further evidence would have to be heard in its regular place on the docket on August 31, 1973. The court accordingly instructed counsel that the matter would be heard in its regular turn on the docket for that date, as assigned. Counsel for Mr. Favrot, Jr., indicated that it would not be convenient for him to wait his turn on the docket and that he would not be present later in the day. Accordingly, the court concludes that counsel and his client abandoned and waived their right to adduce further testimony; and based upon the uncontradicted facts in the record and no evidence indicating any impediment to the appointment; the court confirms Mrs. Manette Suthon Favrót as natural tutrix of the minor children, William Edward Favrot and Virginia Alice Favrot.
At the instance of counsel for Mr. Favrot, Jr., and on his urging that an unrelated, undertutor should be appointed, the court upon considering the qualifications of John W. Greene, attorney at law, who is unrelated to any of the parties in this matter, appoints him un-dertutor of the minors.
/s/ Thomas W. Tanner, Judge”
These reasons were filed on November 23, 1973. Judgment in conformity therewith’ *510 was read, rendered and signed on November 21, 1973. Both documents were transmitted to appellant’s counsel on November 23, 1973. Mr. Favrot appealed timely.
It is appellant’s counsel’s contention that he was advised that the matter had been assigned for hearing on August 31, 1973 at 9:00 a. m. and had been properly docketed. He appeared with his client on the appointed date and at 9:00 a. m. He states that he and counsel for appellee went into the trial judge’s chambers where they discussed appellant’s opposition. He further claims that the trial judge indicated to him that the complaints of appellant were without merit and that the district judge was going to confirm Mrs. Favrot as the chil-drens’ Tutrix. He then asked that his client be heard whereupon the trial judge advised that this particular day was rule day and that this matter would have to take its place at the end of the docket and appellant would be accorded the opportunity to give sworn testimony. Counsel states in his brief that he advised the trial judge that he had other matters set for the afternoon of that day and could not wait until the end of the rule day to take appellant’s testimony, and that he respectfully asked for a continuance. Counsel further notes that contrary to his understanding the matter was not on the docket for August 31, 1973, but that the trial judge had indicated to counsel for appellee that he would hear the matter by consent prior to the opening of court for that date. Accordingly, counsel for appellant strenuously urges that he consented to a regular assignment which would afford his client an opportunity to be heard in the morning commencing at 9:00 a. m., thus leaving counsel free to attend to the matter he had committed himself to handle during the afternoon of that date. It was under these conditions that he appeared with appellant for the “hearing.”
Counsel for appellee’s position is to the contrary. Her counsel states in brief that he had previously contacted appellant’s counsel after discussing the matter with the trial judge and that he advised appellant’s counsel by letter that the trial judge would hear the matter at 9:00 a. m. on August 31, 1973. That it was only after the matter was discussed in chambers and appellant discerned that his opposition was going to be unsuccessful that he raised the question of the proper and technical assignment of this matter on the docket of the court. Appellee urges that appellant and his counsel chose not to remain for the conclusion of the regular matters assigned for that day and thereby forfeited their right to be heard and is using this argument as a means to delay the ultimate confirmation of Mrs. Favrot as natural tutrix.
The trial judge in his written reasons, above, states that the matter was assigned for August 31, 1973, by consent. Said reasons do not indicate that a continuance was asked for or refused. Specifically, the judge a quo’s reasons indicated that appellant abandoned his right to be heard.
It appears to us that there was a misunderstanding between counsel of record for both parties in this matter relative to the docketing of this cause for 9:00 a. m. on August 31, 1973. A copy of the minutes showing the matter properly docketed is not contained in the record, lending some credence to appellant’s argument.
On the other hand, there is some merit to appellee’s contention that appellant departed the courthouse when he discovered that his opposition to the confirmation was going to be unsuccessful. Unfortunately, matters relating to assignment by consent, docketing and appearances, handled in such an informal manner (which really should be encouraged wherever possible) lead to conflict such as experienced here.
In the matter under consideration, the estates of the minors are considerable and we think that it is in their best interest that the judgment of November 21, 1973, appointing Mrs. Favrot Tutrix of the minors, be set aside aqd this matter be remanded to the trial court for a trial on the *511 merits with proper notices and docketing as the law in its technical aspect requires.
Accordingly, for these reasons, the judgment of the trial court of November 21, 1973, is set aside and this matter is remanded for a hearing on the merits. The cost of this appeal is to be borne equally by the parties and all other costs are to await its final determination.
Reversed and remanded.