429 So.2d 203 (1983)
Mark Anthony CHERAMIE
v.
Veronica CHERAMIE.
No. 82-CA-0663.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Rehearing Denied April 19, 1983.
*204 Ron S. Macaluso, Hammond, for plaintiff-appellant.
James Dukes, Hammond, for defendant-appellee.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
Plaintiff appeals from a judgment denying his motions to terminate defendant's visitation rights and to recover costs and attorney fees under R.S. 9:305. We affirm.

BACKGROUND FACTS
This appeal is the latest chapter in an unfortunate progression of litigation. A brief summary of past events is necessary to understand the setting of this appeal.
The parties were separated by judgment on July 14, 1980, with the plaintiff being awarded custody of the two minor children. By a judgment signed on January 8, 1981, the defendant obtained visitation rights. These rights were modified by a July 16, 1981, judgment to allow out-of-state visitation to Houston, Texas, where defendant had moved.
However, in October, 1981, the defendant intentionally failed to return the children after visitation and secreted them in Houston. Additionally, the defendant filed a petition in the Texas courts seeking custody of the children. Plaintiff, however, regained the children by obtaining recognition of the Louisiana custody judgment in the Texas court.
Concurrent with these proceedings, the plaintiff obtained a divorce from the defendant, who was represented by a court-appointed counsel. The divorce judgment, signed October 9, 1981, perpetuated the previous custody and visitation judgments.
The defendant subsequently filed a motion for new trial on November 12, 1981. In response, plaintiff filed an opposition and several motions, including one to recover costs and attorney fees incurred in the Texas litigation and another for the termination of defendant's visitation rights. These various matters were heard before Judge C. Lenton Sartain on March 12, 1982, and taken under advisement. A subsequent judgment, signed by Judge Kenneth Fogg on March 31, 1982, denied defendant's motion *205 for a new trial and plaintiff's motion to terminate defendant's visitation, and redefined defendant's visitation rights.
However, this judgment was not consistent with Judge Sartain's holdings, and thus, on May 14, 1982, Judge Sartain set aside the March 31st ruling and issued a new judgment, which was signed June 25th. Among other things, this latter judgment dismissed the defendant's motion for new trial, perpetuated the previous judgments granting custody to the plaintiff, and denied plaintiff's motions to terminate defendant's visitation rights and to recover costs and attorney fees. Plaintiff appeals two portions of this judgment, i.e., the denials of the motions to terminate defendant's visitation rights and to recover costs and attorney fees. Defendant asserts that this appeal should be dismissed on the ground that the portions or judgments appealed from are interlocutory and do not cause irreparable injury.
Defendant also attempts in her brief to appeal the judgment by Judge Samuel T. Rowe on August 6, 1982, which denied her rule for a change of custody. However, this judgment, which does not appear in the record, has not been properly appealed nor does it form the subject matter of this present appeal by the plaintiff. The defendant's contentions as to the August 6th judgment, therefore, will not be considered.

FINAL-INTERLOCUTORY JUDGMENTS
Defendant alleges that the judgments appealed from by the plaintiff are not final, but rather interlocutory and nonappealable since no irreparable injury is present. The definition of final and interlocutory judgments is found in La.C.C.P. Art. 1841:
"A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
"A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
"A judgment that determines the merits in whole or in part is a final judgment."
Thus, the issue presented is whether the judgments on appeal are interlocutory or final. As for the motion to terminate defendant's visitation rights, the judgment of denial was not one determining "preliminary matters in the course of the action." The motion to terminate was a separate action filed by the plaintiff to dispose of the visitation rights granted to the defendant by the previous judgments of January 8, 1981; July 16, 1981, and the divorce judgment of October 9, 1981. The trial court's judgment as to this motion determines the merits of the plaintiff's claim and meets the definition of a final judgment.
Similarly, the motion to recover costs and attorney fees under R.S. 9:305 is a separate action, not a preliminary matter. The merits of this claim were determined by the trial court's judgment, which also meets the definition of a final judgment.

MOTION TO TERMINATE VISITATION
Turning now to the plaintiff's contentions on appeal, we address his allegation that the trial court erred in continuing the defendant's visitation rights and allowing visitation to take place out of state. Plaintiff argues that because of the defendant's past conduct of violating visitation judgments, her visitation rights should be terminated. However, Judge Sartain indicated in his reasons for judgment that bad legal advise prompted the defendant to retain the children in violation of the visitation schedule. He also informed the defendant that any future violations would result in restrictions being placed on her visitation rights. Reviewing the record as a whole, we find no abuse of the trial court's broad discretion in the granting of visitation privileges. Morrison v. Morrison, 316 So.2d 453 (La.App. 3rd Cir.1975), cert. denied, 322 So.2d 772 (La.1975).

MOTION FOR COSTS/ATTORNEY FEES
Plaintiff also urges the trial court erred in denying his motion under R.S. 9:305 for *206 costs and attorney fees incurred in regaining his children from Texas. This statute provides that:
"When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party."
The trial court is vested with discretion in awarding attorney fees and costs under R.S. 9:305. James v. Spears, 372 So.2d 617 (La.App. 1st Cir.1979). Assuming arguendo that R.S. 9:305 applies to the instant facts, we find no abuse of discretion in the denial of plaintiff's motion. Judge Sartain's finding that bad legal advise precipitated the Texas litigation is a sufficient "good cause" under the statute for denying costs and attorney fees.

DECREE
Accordingly, for the reasons expressed, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
WATKINS, J., dissents and assigns reasons.
WATKINS, Judge (dissenting).
Visitation rights may be forfeited, and should be denied if granting these rights would be detrimental to the child. Robertson v. Robertson, 258 So.2d 125 (La.App. 2d Cir.1973). In Robertson, the Second Circuit remarked that visitation to the mother's home in Houston, Texas, would be upsetting to the child, and would not be permitted. In the present case, the mother took the children to Texas, hid them, and filed a pleading in Texas Court asserting, falsely, that no custody award had previously been made. Her own attorney in brief before this court states she "secreted" the children. In view of the mother's past record, I believe an unlimited (geographically) award of visitation rights to the mother would be detrimental to the children, who might become the pawns in a second Texas Court struggle, and an abuse of the discretion vested in the trial court in granting visitation rights.
The trial court's assertion in oral reasons for judgment that the mother obtained "bad legal advice" is not supported by the record. The visitation rights should be restricted to the parish of domicile of the children.
I respectfully dissent.