PETTIGREW, J.
 

 | gPetitioner/Defendant-in-Rule sought to be confirmed as the natural tutor of his minor children and to have the children’s step-mother appointed as the undertutrix of said children. Following the trial court’s confirmation and appointment of the father and step-mother as the children’s natural tutor and undertutrix, the children’s mother moved to set aside the trial court’s order directing the appointment on the ground that the mother was awarded joint custody of the children and was not served with notice of the petition for confirmation as natural tutor and for appointment of undertutrix. From a judgment nullifying the trial court’s earlier confirmation and appointment of the father and step-mother as the children’s natural tutor and undertutrix, the father now appeals. We affirm.
 

 
 *1285
 
 FACTS AND PROCEDURAL HISTORY
 

 The record before this court reveals Leonard Cardenas, III, petitioner herein, and plaintiff-in-rule, Belinda Moore Patín Cardenas (“Belinda Moore”), were formerly married, and of this union two children were born, namely, Cade Leonard Cardenas born on January 11, 2001, and Cavan Michael Cardenas born on April 14, 2003. The couple thereafter physically separated in July 2006, and in a stipulated judgment reached in August 2006, the Family Court of East Baton Rouge Parish awarded to the parties the joint care, custody, and control of their minor children.
 
 [1]
 
 Mr. Cardenas was designated as the domiciliary parent with supervised visitation awarded to Belinda Moore on every other weekend. The stipulated judgment further provided that “[s]aid visitation may be exercised by [Belinda Moore’s] family with the condition that the children shall be taken to visit their mother on every occasion possible during said visitation.” The parties were ultimately divorced in February 2007.
 

 On July 15, 2008, Mr. Cardenas filed a Petition for Confirmation as Natural Tutor and for Appointment of Undertutrix in the Nineteenth Judicial District Court requesting that he be confirmed as the natural tutor of the minor children of the parties, and that his new wife, Jennifer Cardenas, be named as the children’s un-dertutrix. Mr. Cardenas attached a|scopy of the Family Court judgment to his Petition for Tutorship, and alleged in pertinent part as follows:
 

 Leonard Cardenas III is the natural biological father of the minor children and has domiciliary custody of the minor children who have resided with him in the Parish of East Baton Rouge, State of Louisiana, for the entirety of the minor children’s lives. Belinda Moore Cardenas is the natural mother of the minor children; however, she has had very limited involvement in the lives of the minor children since her separation from the petitioner herein in approximately July, 2006. Due to the mother’s alcohol and drug addiction and rehabilitation in the state of California, she has only had supervised visitation, and it is in the best interests of the children that petitioner be appointed as tutor herein.
 

 Mr. Cardenas neglected to point out to the trial court the fact that the stipulated Family Court judgment signed in January 2007, awarded to the parties the joint care, custody, and control of their minor children. Mr. Cardenas also attached to his petition an
 
 ex parte
 
 order purporting to confirm and appoint himself as the natural tutor of his minor children together with his new wife as the undertutrix of said minors. The trial court signed this order on July 24, 2008, and subsequent thereto, on July 29, 2008, purported “Letters of Tutorship” were issued by the Clerk of Court for the Nineteenth Judicial District.
 

 Thereafter, on August 12, 2008, Belinda Moore filed a Motion to Set Aside Order as a Nullity and Rule to Show Cause seeking to set aside both the
 
 ex parte
 
 order of appointment, and letters of tutorship issued thereafter. As part of her motion, Belinda Moore averred that she is the mother and natural tutor (i.e., tutrix) of Cade and Cavan Cardenas and currently shares joint custody of said children with her ex-husband Leonard Cardenas, III. Belinda Moore further averred that her ex-husband is attempting to deprive her of her co-tutorship rights without notice, all in an attempt to prosecute a civil action
 
 *1286
 
 against her father (i.e., the children’s maternal grandfather) for allegedly failing to return the children to Mr. Cardenas at the agreed upon time.
 

 Belinda Moore’s motion was set for hearing before the trial court on October 27, 2008. Following arguments on behalf of the parties, the trial court requested post-trial memoranda and took the matter under advisement.
 
 [2]
 
 Thereafter, on November 17, 2008, the trial court ruled from the bench and granted Belinda Moore’s motion to set aside as |4null its previous order of July 24, 2008, which appointed Mr. Cardenas and his new wife as natural tutor and undertutrix of the minor children. Mr. Cardenas subsequently applied for writs to this court, and on July 20, 2009, the trial court signed a judgment granting Belinda Moore’s motion to annul the July 24, 2008 judgment of tutorship, and also granted Mr. Cardenas’ motion for appeal.
 
 [3]
 

 DISCUSSION
 

 In connection with his appeal in this matter, Mr. Cardenas claims the trial court erred in allowing Belinda Moore to utilize a summary proceeding to collaterally attack the tutorship judgment, and in subsequently declaring its original tutorship judgment a nullity. Mr. Cardenas also contends the trial court erred in refusing to exercise its general jurisdiction in this matter.
 

 Impermissible Collateral Attack on Tutorship Judgment
 

 In his initial assignment of error, Mr. Cardenas claims that through its grant of Belinda Moore’s Motion to Set Aside Order as a Nullity, the trial court allowed Belinda Moore to “improperly use summary proceedings to collaterally attack the tutorship judgment.” In response, Belinda Moore points out that as Mr. Cardenas did not file a dilatory exception objecting to the unauthorized use of summary proceedings, said objection, even if applicable, is now deemed to be waived.
 
 See,
 
 La.Code Civ. P. art. 926.
 

 With regard to an action of nullity, the following provisions of the Louisiana Code of Civil Procedure are relevant. Louisiana Code of Civil Procedure article 2001 provides as follows:
 

 Art. 2001. Grounds in general
 

 The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006.
 

 | c,Additionally La.Code Civ. P. art. 2002 provides in pertinent part,
 

 Art. 2002. Annulment for vices of form; time for action
 

 A. A final judgment shall be annulled if it is rendered:
 

 [[Image here]]
 

 (2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
 

 It is undisputed that Belinda Moore was not served with notice of the tutorship proceedings; therefore, for the reasons set forth below, we find the trial court’s order
 
 *1287
 
 confirming Mr. Cardenas as natural tutor of the minor children to be an absolute nullity, and affirm the trial court’s subsequent judgment setting this order aside. Accordingly, we find this assignment to be without merit.
 

 Nullification of Original Judgment of Tutorship
 

 With respect to the tutorship of a minor, La. Civ.Code art. 246 provides:
 

 Art. 246. Occasion for tutorship
 

 The minor not emancipated is placed under the authority of a tutor after the dissolution of the marriage of his father and mother or the separation from bed and board of either one of them from the other.
 

 In his Petition for Confirmation as Natural Tutor and for Appointment of Under-tutrix, Mr. Cardenas contends that based upon the above-quoted allegations of his petition, he “is entitled under Article 250 of the Louisiana Civil Code to be appointed tutor of his minor children.” Louisiana Civil Code article 250 provides in pertinent part,
 

 Art. 250. Persons entitled to tutorship
 

 ... Upon divorce or judicial separation from bed and board of parents, the tutorship of each minor child belongs of right to the parent under whose care he or she has been placed or to whose care he or she has been entrusted; however, if the parents are awarded joint custody of a minor child, then the cotutorship of the minor child shall belong to both parents, with equal authority, privileges, and responsibilities, unless modified by order of the court or by an agreement of the parents, approved by the court awarding joint custody....
 

 All those eases are called tutorship by nature. [Bold emphasis supplied].
 

 While a natural tutor must qualify as the applicable law provides, tutorship by nature takes place by right. La. Civ.Code art. 248. However, that right is “inchoate.”
 
 In re Tutorship of Watts,
 
 96-0073, p. 4 (La.App. 1 Cir. 9/27/96), 681 So.2d 74, 76. | Before performing any official duties, the natural tutor must be appointed by a judicial tribunal, and fulfill the other requirements of La.Code Civ. P. arts. 4061 and 4134.
 
 In re Tutorship of Watts,
 
 96-0073 at pp. 4-5, 681 So.2d at 76-77.
 

 Mr. Cardenas claims “[i]t is necessary to appoint a tutor for the minor children in order that their rights can be protected and their property properly managed.” Mr. Cardenas further claims that his minor sons “presently have neither an estate nor assets whatsoever,” and that,
 

 [t]he only property owned by the minors, or in which they may have any interest, involves two lawsuits filed in the 18th Judicial District Court, suit numbers
 
 #.
 
 41435 and # 41183, seeking damages as are reasonable for the minor children. Cavan Cardenas seeks damages for his injuries and losses that were suffered as a result of an accident involving an ATV occurring around April 2007. Both Cade Cardenas and Cavan Cardenas are plaintiffs in another lawsuit arising from their kidnapping and false imprisonment by their [maternal] grandfather.
 

 Louisiana Code of Civil Procedure article 4031 sets forth the proper procedure for the appointment of a tutor for a minor domiciled in Louisiana whose parents are divorced and have been awarded joint custody. Louisiana Code of Civil Procedure article 4031 provides in pertinent part,
 

 Art. 4031. Minor domiciled in the state
 

 [[Image here]]
 

 (B) If the parents who are divorced or judicially separated are awarded joint custody of a minor:
 

 
 *1288
 
 (1) They shall petition jointly for appointment as cotutors in the district court of the parish in which the proceedings for divorce or judicial separation were instituted, or if the award of joint custody has specified the legal domicile of the minor, in the district court of the parish where the child resides.
 

 (2) With the permission of the judge, either parent may file a petition in the same court as provided in Subpara-graph (1) for appointment as tutor for the limited purpose of enforcing a particular right or compromising a particular claim of an unemancipated minor if the other parent fails or refuses to do so.
 

 La.Code Civ. P. art. 4031 [Bold emphasis supplied].
 

 In her brief to this court, Belinda Moore argues that implicit in the foregoing statutory authority is the requirement that she be given notice in her capacity as the children’s mother, with whom Mr. Cardenas shares joint custody and hence, co-natural tutorship. In support of this proposition, Belinda Moore cites and relies upon this court’s |7opinion in
 
 In re Tutorship of Favrot,
 
 295 So.2d 508 (La.App. 1 Cir.1974). In
 
 Favrot,
 
 a case strikingly similar in its facts to the present case, a divorced mother who had previously been awarded sole custody of her two minor children, petitioned for confirmation as natural tutrix and for the court’s appointment of an undertutor. This court reversed the trial court’s order appointing the mother as tutrix of her minor children. The court held the best interests of the minors, whose estates were considerable, required the matter be remanded “for a trial on the merits with proper notices and docketing as the law in its technical aspect requires.”
 
 Favrot,
 
 295 So.2d at 510-511.
 

 Mr. Cardenas attempts to distinguish
 
 Favrot
 
 from the facts presently before us by stating, that “[i]n
 
 Favro
 
 [sic], ... [t]he facts established that the father was prevented from presenting his case at the hearing and therefore did not get to properly oppose the appointment.” Mr. Cardenas further refutes the applicability of this court’s opinion in
 
 Favrot
 
 on the grounds that it is “outdated,” and further that this court “simply held that the father was entitled to present evidence in his opposition to the appointment of the mother as tutrix and ... was deprived of that opportunity.”
 

 We further note La.Code Civ. P. art. 4061.1 sets forth the proper party to assert or defend the interests of a minor, and provides as follows,
 

 Art. 4061.1. Natural tutor; action for damages on behalf of child
 

 A. Notwithstanding Article 4061[
 
 4
 
 ].. [T]he natural tutor of a minor child may file an action for damages based on a delictual obligation without the necessity of qualifying as tutor pursuant to Article 4061 and without the necessity of filing a petition pursuant to Article 4031, if the natural tutor is any of the following:
 

 (1)The surviving parent of the minor child.
 

 (2) The parent under whose sole care the minor child has been placed when the parents are divorced or judicially separated from bed and board.
 

 (3) The mother of her child born outside of marriage not acknowledged by the father, or acknowledged by him alone without her concurrence.
 

 
 *1289
 
 B. The petitioner in an action for damages based on a delictual obligation shall allege in the petition that he qualifies under Paragraph A of this Article to act of right as tutor, and the petitioner shall set forth the facts, including the relationship to the minor child, entitling the petitioner to act as tutor.
 

 C. This Article shall not apply to parents who share joint custody of the minor child ...
 

 | sLa.Code Civ. P. art. 4061.1 [Bold emphasis supplied].
 

 Based upon the relevant codal authority, it appears parents who share joint custody of a minor shall both be considered natural cotutors of the said minor child with equal authority, privileges, and responsibilities pursuant to La. Civ.Code art. 250.
 

 In accordance with La.Code Civ. P. art. 4031, the parents of the minor child shall petition jointly for appointment as curators in the district court of the parish in which the proceedings for divorce or judicial separation were instituted, or if the award of joint custody has specified the legal domicile of the minor, in the district court of the parish where the child resides. Additionally, and with the permission of the judge, either parent may file a petition in the same court for appointment as tutor for the limited purpose of enforcing a particular right or compromising a particular claim of an unemancipated minor if the other parent fails or refuses to do so. This right of a parent to petition the court for appointment as tutor for the limited purpose of enforcing a particular right or compromising a particular claim of an un-emancipated minor is not unrestricted and conditioned upon the following limitations.
 

 If parents who share joint custody of a minor child seek to file an action for damages based upon a delictual obligation, they are not permitted to avail themselves of the dispensation granted through application of La.Code Civ. P. art. 4061.1, and thus, said parents must adhere to the general obligations imposed upon a natural tutor pursuant to La.Code Civ. P. art. 4061. In eases where one parent fails or refuses to enforce a particular right or compromise a particular claim of an un-emancipated minor, the other parent may, with the permission of the judge, file a petition to be appointed as natural tutor of said minor for this limited purpose in accordance with La.Code Civ. P. art. 4031. Implicit in this article is a necessity for a showing that the other parent has failed or refused to enforce a particular right or compromise a particular claim of the minor child.
 

 It is the opinion of this court that a natural cotutor who shares joint custody of a minor child and who seeks authority to act on behalf of said minor without the concurrence of the other parent must forward, by registered or certified mail,.a copy of |flthe petition seeking appointment as natural tutor, to the address of the other parent sharing joint custody of the minor. Said petition shall set forth with particularity the reasons why the appointment of a single natural tutor is both necessary and in the best interest of the parties’ minor child.
 
 See
 
 La.Code Civ. P. art. 4065.
 

 An opposition to an application of a parent sharing joint custody of a minor for appointment as natural tutor of said minor may be filed at any time prior to the appointment, as provided in La.Code Civ. P. art. 4067. The opposition shall comply with La.Code Civ. P. art. 2972 and shall allege the grounds upon which it is claimed that the applicant parent is disqualified or that it would be in the best interest of the minor that both parents be appointed, or that the opposing parent be appointed natural tutor instead of the applicant.
 
 See
 
 La.Code Civ. P. art. 4066.
 

 At any time after the expiration of ten days from date of mailing of the notice
 
 *1290
 
 described above, if no opposition has been filed, the court shall appoint the parent applying for appointment as natural tutor. If an opposition has been filed, it shall be tried by the court in a summary matter. .
 
 See
 
 La.Code Civ. P. art. 4067.
 

 In view of the foregoing, we affirm the trial court’s judgment granting Belinda Moore’s motion to set aside the original tutorship judgment signed July 24, 2008.
 
 Failure of Trial Court to Exercise General Jurisdiction
 

 The final error assigned by Mr. Cardenas is that the trial court erred in refusing to exercise its general jurisdiction in this matter. Mr. Cardenas is under the assumption that because the trial court’s written reasons state that this matter is transferred for further proceedings before the Family Court, that the trial court had divested itself of jurisdiction in this matter.
 

 Upon review of the judgment from the November 17, 2008 hearing, that was ultimately signed by the trial court on July 20, 2009, we note that said judgment contains no language that would purport to transfer this matter for further proceedings before the Family Court. As it is the judgment that controls, this assignment is similarly without merit.
 

 | ^CONCLUSION
 

 For the above and foregoing reasons, the judgment of the trial court granting Belinda Moore’s motion to set aside as null Mr. Cardenas’ Order of Tutorship is hereby affirmed. All costs associated with this appeal shall be assessed against, appellant, Leonard Cardenas, III.
 

 AFFIRMED.
 

 CARTER, C.J., concurs.
 

 [1]
 

 . The parties agreed to a stipulated judgment following a hearing in Family Court on August 2, 2006; however, said judgment was not signed until January 17, 2007. Said judgment shall be referred to hereafter as "the Family Court judgment.”
 

 [2]
 

 . The transcript of the October 27, 2008 hearing was not made part of the record in this matter.
 

 [3]
 

 . Following the trial court’s ruling on November 17, 2008, Mr. Cardenas sought a supervisory writ from this court that was granted on June 8, 2009.
 
 See In re: Tutorship of the Minors Cade Cardenas and Cavan Cardenas,
 
 2009 CW 0352 (La.App. 1 Cir. 6/8/09). This court granted the writ and remanded to the trial court with instructions that a written judgment granting Belinda Moore’s motion to annul the July 24, 2008 judgment of tutorship be submitted to the trial court for signing, and that Mr. Cardenas further be granted an appeal from this final, appealable judgment.
 

 [4]
 

 . La. Code Civ. P. art. 4061 sets forth the general obligations of the natural tutor of a minor.