STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 1013

THE CONTINUING TUTORSHIP OF
TREYVIYON LENARD HARRIS

Judgment Rendered: ___**FEB 2 4 2023**___

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. P111952

The Honorable Donald R. Johnson, Judge Presiding

| | |
|---|---|
| Todd E. Gaudin<br>Baton Rouge, LA | Counsel for Plaintiff/Appellee,<br>Janice W. Harris |
| John N. Samaha<br>Baton Rouge, LA | Counsel for Appellant/Defendant,<br>Patrice R. Pena |

BEFORE: GUIDRY, C.J., WOLFE, AND MILLER, JJ.

**MILLER, J.**

This matter is before us on appeal by Patrice R. Pena, the mother of Treyviyon Lenard Harris, from a judgment of the district court appointing Janice Lavon Harris (a.k.a Janice Wilson Harris or Janice W. Harris) as the continuing tutrix of Treyviyon. For the reasons that follow, we vacate and remand.

## FACTS AND PROCEDURAL HISTORY

Treyviyon was born on July 26, 2004. On July 22, 2022, four days prior to his eighteenth birthday, his maternal grandmother, Ms. Harris, filed a petition to approve continuing tutorship of Treyviyon based on his diminished "mental acuity" and be appointed as his continuing tutrix, pursuant to La. C.C. art. 354. Ms. Harris avers that a continuing tutor is necessary because Treyviyon's intellectual disability renders him vulnerable to trickery, manipulation, and injury, such that he requires an adult to "look out" for his best interests and reasonably oversee his affairs and personal safety. Ms. Harris contends that Treyviyon's parents are "not readily available." She alleges that his mother is alive and residing in Moore, Oklahoma, but does not have physical custody of Treyviyon and has not been the primary caretaker of Treyviyon since at least 2019, and that his father is deceased.[1] Ms. Harris avers that Treyviyon has lived with her exclusively for most of his life, and consistently since 2019, during which time she has served as his sole caregiver, satisfying all of his needs. Ms. Harris sought the appointment of Treyviyon's uncle, Allen Wilson, Jr., as his continuing undertutor.

In support of her petition, Ms. Harris attached Treyviyon's birth certificate,[2] a medical chart note from Treyviyon's mental health provider, Treyviyon's

---

[1]While Treyviyon's birth certificate lists "Patrice Rhocher Harris" as his mother, his mother is erroneously identified in the petition as "Allen Wilson, Jr."

[2]Although the birth certificate does not list the name of Treyviyon's father, Ms. Harris avers that his father is Robert Lee Truvillion, Jr., who died on February 2, 2009, in Baton Rouge. In an attempt to verify his death, counsel for Ms. Harris annexed a signed statement to her petition, noting "Death certificate unavailable but obituary appears online."

2

Individual Education Program (IEP) from the East Baton Rouge Parish School System, the Coroner's Concurrence with the allegations of his mental status, an initial detailed descriptive list of Treyviyon's assets, an oath of tutrix, and an oath of undertutor. On July 22, 2022, the district court signed a judgment of continuing tutorship appointing Ms. Harris as Treyviyon's continuing tutrix and Mr. Wilson as his continuing undertutor.

Treyviyon's mother, Ms. Pena, filed the instant appeal. On appeal, Ms. Pena contends that she received no notice, formal or informal, of these proceedings; that the district court erred in ordering continued tutorship and appointing Ms. Harris as Treyviyon's continuing tutrix where Ms. Harris had no right of action to seek continuing tutorship without legal custody of Treyviyon; and, alternatively, that in the event Ms. Harris possessed a right of action, the proof submitted in support of her petition was insufficient.[3]

**DISCUSSION**

Persons, including certain children, with intellectual disabilities or mental deficiencies may be placed under continuing or permanent tutorship without formal or complete interdiction in accordance with the following rules and procedures stated in the Louisiana Code of Civil Procedure. La. C.C. art. 354.

A petition for continuing or permanent tutorship of an intellectually disabled person may be filed: (1) when the intellectually disabled person is above the age of fifteen; (2) when the intellectually disabled person possesses less than two-thirds of the intellectual functioning of a person of the same age with average intellectual functioning, evidenced by standard testing procedures administered by competent

---

[3]To the extent that Ms. Pena alleges in her brief that she was granted custody of Treyviyon in a proceeding entitled, "State of Louisiana In The Interest of Treyviyon Lenard Harris, bearing docket number 27,305, 14th Judicial District Court, Parish of Calcasieu, State of Louisiana," we note that an appellate court must render its judgment upon the record on appeal, La. C.C.P. art. 2164, and the appellate briefs of the parties form no part of the record on appeal. Augustus v. St. Mary Parish School Board, 95-2498 (La. App. 1st Cir. 6/28/96), 676 So. 2d 1144, 1156. Thus, this court has no authority to consider on appeal facts referred to in appellate briefs or in exhibits attached thereto, if those facts are not contained in the record on appeal. In re J.E.T., 2016-0384 (La. App. 1st Cir. 10/31/16), 211 So. 3d 575, 580.

3

persons or other relevant evidence acceptable to the court; (3) by the parents of such person, or the person entitled to custody or tutorship if one or both parents are dead, incapacitated, or absent persons, or if the parents are judicially separated or divorced or have never been married to each other; and (4) with the written concurrence of the coroner of the parish of the intellectually disabled person's domicile. La. C.C. art. 355. The continuing or permanent tutorship shall not automatically end at any age but shall continue until revoked by the court of domicile. La. C.C. art. 355.

When the person to be placed under the continuing tutorship is above the age of fifteen, and under the age of majority, the proceeding shall be conducted according to the procedural rules established for ordinary tutorships. La. C.C. art. 356(1). However, when the person to be placed under the continuing tutorship is above the age of majority, the proceeding shall be conducted according to the procedural rules established for interdictions. La. C.C. art. 356(2).

At the time the petition for continuing tutorship was filed herein, Treyviyon was under the age of majority. Thus, the procedural rules established for ordinary tutorships applied. See La. C.C. art. 356(1). Louisiana Code of Civil Procedure article 4065 provides that in ordinary tutorship proceedings, when a petition for appointment as legal or dative tutor is filed, the applicant *shall* annex an affidavit listing to the best of his knowledge the minor's ascendants and collaterals by blood within the third degree and the surviving spouse of the minor's mother or father dying last who reside in the state. A copy of the petition for appointment *shall* be mailed by registered or certified mail to each person listed in the affidavit and notice of the application shall be published once in the parish where the petition was filed, in the manner provided by law. La. C.C.P. art. 4065. The word "shall" is mandatory. La. C.C.P. art. 5053. Thus, the requirements of La. C.C.P. art. 4065 are mandatory and may not be waived. Matter of Custody of Booty, 95-0828 (La.

4

App. 1st Cir. 11/9/95), 665 So. 2d 444, 448 n.2 (recognizing that La. C.C.P. art. 4065 requires notice to selected relatives of the minor child of the filing of the petition for tutorship and that a lack of notice could invalidate the appointment of the provisional tutor).

Accordingly, because Treyviyon was not yet eighteen at the time the petition was filed, it was necessary for Ms. Harris to follow the procedural rules for ordinary tutorships, which required her to annex an affidavit to her petition listing Treyviyon's ascendants and collaterals by blood within the third degree and the surviving spouse of the minor's mother or father dying last who reside in the state. Thereafter, she was required to send, by registered or certified mail, a copy of the petition for appointment to each person listed in the affidavit.

On the record before us, it does not appear that the procedural rules for notice were complied with. There is no evidence that an affidavit was prepared and filed with the petition for appointment nor is there evidence that the petition was sent by registered or certified mail to Ms. Pena in accordance with La. C.C.P. art. 4065. Because Ms. Pena was not provided with notice of the continuing tutorship proceedings as required, we find the district court's judgment appointing Ms. Harris as Treyviyon's continuing tutrix and Mr. Wilson as Treyviyon's undertutor is an absolute nullity and must be vacated.[4] See In re Tutorship of Cardenas, 2009-2020 (La. App. 1st Cir. 6/11/10), 38 So. 3d 1284, 1286-1287; In re Tutorship of Woodard, 216 So. 2d 132, 134 (La. App. 2nd Cir. 1968); and In re Robertson, 283 So. 2d 834, 836 (La. App. 2nd Cir. 1973).

---

[4]When an appellate court notices an absolute nullity, the court is empowered to vacate or correct the judgment on its own motion. See La. C.C.P. arts. 2002(A)(2), 1201(A), and 2164; Thurman v. Aguilar, 2021-1514 (La. App. 1st Cir. 6/22/22), 343 So. 3d 784, 798, writ denied, 2022-01110 (La. 11/1/22), 349 So. 3d 7; New Orleans and Baton Rouge Steamship Pilots Association v. Wartenburg, 2020-0193 (La. App. 1st Cir. 11/12/20), 316 So. 3d 39, 42.

Considering our finding herein that Ms. Harris failed to comply with the mandatory requirements of La. C.C.P. art. 4065, we pretermit discussion of Ms. Pena's assignments of error.

## CONCLUSION

For the above and foregoing reasons, the July 22, 2022 judgment of the district court is vacated and this matter is remanded to the district court for further proceedings. All costs of this appeal are assessed to the plaintiff/appellee, Janice Lavon Harris.

**VACATED AND REMANDED.**

6